(No. 34021.—

SIDNEY FOREMAN *et al.,* Appellants, *vs.* HENRY K. HOLSMAN *et al.,* Appellees.

*Opinion filed March 20, 1957.*

EDWARD W. BARRETT, ROBERT A. SPRECHER, and WIL-
LIAM L. LAMEY, all of Chicago, for appellants.

HORACE A. YOUNG, of Chicago, for appellees Henry K.
Holsman, William T. Holsman, H. G. Crolland, and L. E.
Adams, Jr., and KIRKLAND, FLEMING, GREEN, MARTIN &
ELLIS, of Chicago, (WEYMOUTH KIRKLAND, VERNON M.
WELSH, DON H. REUBEN, and THOMAS M. THOMAS, of
counsel,) for appellee Trust Company of Chicago; and
MADIGAN & THORSEN, of Chicago, (ROBERT THORSEN, of
counsel,) for intervening petitioner-appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

The issue on this appeal is whether the purchasers of
an unregistered security are precluded from rescinding the
sale, pursuant to section 37 of the Illinois Securities Act
of 1919, as amended, (Ill. Rev. Stat. 1951, chap. 121½,
par. 132,) because of a contemporaneous agreement in
which they purported to release the seller from any lia-
bility under the act.

In 1950, the plaintiffs, Sidney and Ruth Foreman, pur-
chased 60 shares of beneficial interest in a certain trust

for $6000. This trust, called the Jackson-Laramie Garden Homes Mutual Ownership Trust, had been created earlier that year for the purpose of constructing and operating an apartment house project. The purchasers agreed, in writing, to release the seller "from the provisions of the Illinois Securities Act," and their trust certificate provided that the parties "hereby release each other from any requirement of, or liability under, the Illinois Securities Law."

After tender, the plaintiffs filed the instant suit, asking for a return of consideration paid and reasonable attorneys' fees. There was a hearing before a master, who found that the certificate was a "security" sold in violation of the act and recommended a recovery. The circuit court of Cook County approved the master's report, entering judgment for the plaintiff for $6000 plus $1500 attorneys' fees. However, on appeal to the Appellate Court this judgment was reversed, the court being of the opinion that the plaintiffs' cause of action was extinguished by reason of the "release." (9 Ill. App.2d 317.) We granted leave to appeal.

The Illinois Securities Act of 1919 was enacted for the protection and benefit of the public as a whole—"to protect the public from the dishonesty, incompetence, ignorance and irresponsibility of persons engaging in the business of disposing of securities of uncertain value whereby the inexperienced and confiding are likely to suffer loss." (*Stewart* v. *Brady,* 300 Ill. 425, 442. See also *People ex rel. Emmerson* v. *Lee,* 311 Ill. 552, 558; *People* v. *Glassberg,* 326 Ill. 379, 390.) Three remedies are provided, rescission, injunctive relief, and criminal prosecution, and together they constitute the plan for the enforcement of the act. Cf. *Brooklyn Savings Bank* v. *O'Neil,* 324 U.S. 697, 704, 709-10.

The fact that upon rescission one may recover attorneys' fees, as well as the purchase price, indicates that this civil remedy is intended to afford an additional punishment for

an offending party. To permit this remedy to be "waived" or "released" prior to or contemporaneously with the sale of unregistered securities would thwart the very objective of the statute and violate the declared public policy of this State. Such a holding would pave the way for the virtual nullification of this important legislative enactment. Cf. *Anderson* v. *City of Jacksonville,* 380 Ill. 44.

This court has consistently held that the benefits of a statute may not be waived by an individual in cases where the statute was enacted for the protection of the public generally, (*Pitsch* v. *Continental and Commercial National Bank of Chicago,* 305 Ill. 265; *Kennedy* v. *City of Joliet,* 380 Ill. 15; *Anderson* v. *City of Jacksonville,* 380 Ill. 44,) and we have often reiterated that a contract made in violation of established public policy will not be enforced. See, *e.g., George* v. *City of Danville,* 383 Ill. 454; *Vock* v. *Vock,* 365 Ill. 432.

The defendants stress the fact that the Secretary of State has prepared a form of release which may be used by parties in settling controversies under the Illinois Securities Act, and that once a right of action has accrued in favor of a purchaser, he may elect not to avail himself of that right. In discussing a similar contention made in respect to Federal securities legislation, the Supreme Court of the United States noted that "while the Securities Act does not require petitioner to sue, a waiver in advance of a controversy stands upon a different footing." (*Wilko* v. *Swan,* 346 U.S. 427.) The threat of a possible civil action, with its attendant penalty of attorneys' fees, helps protect the public against the sale of unlicensed securities. Whether a cause of action once accrued may later be released is quite another matter.

The Appellate Court, in holding that the "release" was effective to bar a recovery here, considered *Cerny-Pickas & Co.* v. *C. R. Jahn Co.* 7 Ill.2d 393, to be decisive of the issue. In that case, this court reaffirmed a position which

it has consistently taken (from *Checkley* v. *Illinois Central Railroad Co.* 257 Ill. 491, to *Jackson* v. *First National Bank of Lake Forest,* 415 Ill. 453,) namely, that provisions which relieve the lessee from responsibility for its own negligence with respect to fires are valid contracts between private individuals with reference to private interests and are not against public policy. We there stated: "That one of the grounds of negligence charged in this case was the lessee's failure to comply with the building ordinances in making alterations in the building is not, we think, of controlling significance. See *Johnson* v. *Pendergast,* 308 Ill. 255." (7 Ill.2d 393, 396.) The only relation between the violation of the ordinances and the civil suit was the fact that the violations affected the burden of proof of common-law negligence. The ordinances neither created the cause of action nor was the civil suit established as a part of the enforcement machinery for the ordinances. Therefore, no question of public policy was involved, and the decision is clearly distinguishable from the case at bar.

We conclude that the Appellate Court was in error in holding that the "release" defeated the plaintiffs' action. And since the judgment of reversal by the Appellate Court was based solely upon this erroneous view of the law and for such reason other assignments of error were not considered, the cause must be remanded to that court with directions to consider and pass upon such other questions. *People ex rel. Hahn* v. *Hurley,* 9 Ill.2d 74, 79.

The judgment of the Appellate Court is reversed, and the cause is remanded to that court with directions to pass on the other questions raised by the appeal.

*Reversed and remanded, with directions.*