[Civ. No. 32944. Second Dist., Div. Two. Aug. 22, 1968.]

ANTHONY J. BIANCO et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ERNEST J. LINTHICUM, Real Party in Interest.

George Baltaxe for Petitioner.

No appearance for Respondent.

Blair & Raydon and Gerald T. Raydon for Real Party in Interest.

McCOY, J. pro tem.*—This is a proceeding for a writ of mandate requiring the Superior Court for Los Angeles County to vacate an order that the disputes between the parties be arbitrated in accordance with the terms of the contracts in writing between them. Petitioners, plaintiffs in the action in the superior court, contend that the order is void as a matter of law. We have concluded that a peremptory writ should issue.

The facts are admitted. During the years 1965 and 1966 plaintiffs severally entered into a number of agreements, each denominated ''Joint Venture Agreement'' with ''Delta Petroleum Co.'' By each of these agreements the several plaintiffs agreed to pay ''Delta Petroleum Co.'' a certain sum in payment for certain undivided interests in a number of oil and gas leases executed by named lessors on contiguous lands in the State of West Virginia, which leases were owned by Delta Petroleum Co. The payments included plaintiffs' shares of the cost of drilling a first well on the leased lands. Each agreement provides that upon commercial completion of the first well the parties would enter into an ''operating agreement'' and an ''accounting procedure.'' Other provisions relate to the operation of the affairs of the joint venture. Thereafter it is stated in the agreement that ''No permit has been obtained for this agreement from The Division of Corporations for the reason that the parties believe no such permit is necessary and each of the parties waives and releases any and all rights, actions, claims, and demands whatsoever which such party could have or may assert against the other by reason of failure to obtain such a permit. If it shall hereafter be deemed advisable to obtain such permit, the parties hereto shall join in an application therefor.'' The agreement also contains a provision reading: ''10. In the event that a dispute shall arise between the parties relating to this agreement, such dispute shall be submitted to arbitration to a board of three persons, one to be appointed by Associate [Bianco] and one by Delta, and the two so appointed shall elect a third person. Arbitration shall be conducted pursuant to the California Code of Civil Procedure.''

In January 1968 plaintiffs filed their complaint against ''Ernest L. Linthicum, individually and DBA Delta Petroleum Company,'' for rescission of the contracts and for other

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

relief. Plaintiffs pray, among other things, that pursuant to the first, fourth, seventh, tenth, fourteenth, eighteenth, twenty-second and twenty-fourth causes of action the court declare the agreements therein referred to rescinded, that the considerations paid by each of them be returned to them, and that they be awarded monetary damages in varying amounts. They also pray for an accounting and for monetary damages pursuant to their other causes of action if rescission cannot be had. In substance, plaintiffs' prayer for rescission is based on their allegation that each of the agreements is a security which was issued without a permit, that the representation as recited in the agreement that no permit was necessary was false and fraudulent, and that that representation was knowingly made to induce each of the plaintiffs to invest in the venture. In each of their several causes of action for rescission plaintiffs allege the amounts of their respective investments in the venture evidenced by the agreements.

Defendant Linthicum did not plead to the complaint, either by demurrer or answer. Instead he petitioned the trial court for an order compelling plaintiffs to arbitrate their claims as provided by the agreements, and, if arbitration is ordered, for a stay of the action until arbitration is had. Defendant's petition was based on the ground that written agreements existed between the parties "to submit disputes to arbitration," and that "A controversy exists between the parties, as set forth in the Complaint, and with respect to the refusal of the Plaintiffs herein to execute an operating agreement and to perform other obligations as set forth in the agreements." The text of the provision of each contract is quoted above. In his supporting points and authorities defendant contended that any causes of action for rescission based on the fact that no permits had been issued had been waived by plaintiffs. The court granted the petition and ordered that the disputes between the parties to the action be arbitrated in accordance with the contracts.

Section 1281.2, which was added to the Code of Civil Procedure in 1961, provides, so far as pertinent here, that "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determnies that: (a) The right to compel arbitration has been waived by the peti-

tioner; or (b) Grounds exist for the revocation of the agreement." This statutory provision has, "of course, considerable substantive as well as procedural significance." (*Riess* v. *Murchison*, 384 F.2d 727, 735.)

Prior to the enactment of section 1281.2 in 1961, section 1280 of the Code of Civil Procedure provided that "A provision in a written contract to settle by arbitration a controversy arising out of the contract or the refusal to perform the whole or any part thereof, or an agreement in writing to submit an existing controversy to arbitration pursuant to section 1281 of this code, shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; . . ." This section was considered in *Drake* v. *Stein*, 116 Cal.App.2d 779, where the court said (p. 783 [254 P.2d 613]): "It is clear from the explicit and unambiguous language of section 1280 that the legislative intent was to make written contracts to arbitrate future disputes irrevocable, in direct derogation of the common law. Accordingly, assuming the absence of the elements necessary to permit a rescission of the contract (see Code Civ. Proc., §§ 1689-1691), the arbitration proviso brought the matter within the arbitration statute."

Plaintiffs, in opposing the petition for an order to compel arbitration, contended that the petition should not have been granted because, as shown by the complaint, grounds exist for the revocation of the agreement, that is, a failure of defendant to obtain a permit. When such a contention is made under section 1281.2 of the Code of Civil Procedure it is the duty of the court to determine whether grounds exist for the revocation of the agreement. (*A. D. Hoppe Co.* v. *Fred Katz Constr. Co.*, 249 Cal.App.2d 154, 158-159 [57 Cal. Rptr. 95].) There is nothing in the record before us to indicate that in granting the petition the court made any such determination. So far as we can ascertain from the record before us, the contention of plaintiffs that it appeared from the complaint that grounds for revocation of the agreements existed was not challenged by defendant nor considered by the trial court.[1]

---

[1] At the oral argument before us, defendant's attorney argued that the complaint did not state a cause of action for rescission in that it failed to allege an offer on the part of the plaintiffs to restore defendant anything of value which they may have received from him. As noted above, defendant did not demur to the complaint on this or on any other ground. Furthermore, it should be noted that neither the defendant, as

In the case before us the order compelling arbitration "contains nothing respecting its basis. Its legal correctness must therefore be determined from the record, which has just been summarized, and the provisions of Code of Civil Procedure, section 1281.2." (*A. D. Hoppe Co.* v. *Fred Katz Constr. Co., supra,* 249 Cal.App.2d 154, 158-159.) We have examined that record, including a copy of plaintiffs' complaint, and are satisfied that the complaint shows that grounds exist for revocation of the agreement, and that the petition for an order compelling arbitration should have been denied. In the circumstances of this case, the oral argument of defendant's attorney before us that the complaint is defective in a particular which can readily be supplied by appropriate amendment comes too late.

Since the order must be vacated and the matter remanded to respondent court for further proceedings in plaintiffs' action, one further matter calls for brief comment here. The contracts involved here expressly recite that no permit had been obtained from the Division of Corporations "for the reason that the parties believe no such permit is necessary," and expressly provide that "each of the parties waives and releases any and all rights, actions, claims, and demands whatsoever which such party could have or may assert against the other by reason of failure to obtain such a permit." In the complaint in the case before us plaintiffs allege that the contracts involved were issued without a permit and are void (Corp. Code, § 26100) and that they have a right to have them so declared by the court. They also claim the right to rescission by reason of defendant's false and fraudulent representations that no permit was necessary. Plaintiffs thus bring their case squarely within the exception of section 1281.2 on which they rely.

Although there appears to be no decision in this state determining the validity of such a waiver as that incorporated in the contracts before us, it has been uniformly held in other jurisdictions that such a waiver is contrary to public policy. (*Foreman* v. *Holsman,* 10 Ill.2d 551 [141 N.E.2d 31, 61 A.L.R.2d 1303], and Anno., 61 A.L.R.2d 1308.) As the court said in *Foreman* v. *Holsman* (p. 32): "This court has consistently held that the benefits of a statute may not be waived by an individual in cases where the statute was enacted for the

real party in interest, nor the respondent court filed any opposition in this court to the petition for a writ of prohibition, nor any return to our alternative writ.

protection of the public generally [citations], and we have often reiterated that a contract made in violation of established public policy will not be enforced. [Citations.] '' This rule, which is in consonance with the law in this state, is clearly applicable here.

Let a peremptory writ of mandate issue as prayed.

Herndon, Acting P. J., concurred.

On August 29, 1968, the opinion was modified to read as printed above.