[Civ. No. 9854. Fourth Dist., Div. Two. Nov. 21, 1969.]

BOB S. SAUTER, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
WILLIAM B. LOGAN & ASSOCIATES, INC., et al.,
Real Parties in Interest.

## COUNSEL

Paul D. McClary, Jr., for Petitioner.

No appearance for Respondent or for Real Parties in Interest.

## OPINION

**MITCHELL, J. pro tem.**\*—Petitioner is a plaintiff in an action, in the respondent court, against William B. Logan & Associates, Inc. in which plaintiff seeks to rescind a contract and to have restored to him the money and note delivered by him to the defendant.

The alleged basis of the claim for rescission is (a) failure of consideration, and (b) failure to perform alleged inducing promises.

In his second cause of action plaintiff alleges false representations intended to and which did deceive plaintiff and which induced plaintiff to enter into the contract.

Attached to the complaint is a copy of the contract. It contains an arbitration clause, which provides that ". . . all claims of fraud in the inducement of this agreement and all claims for recision [*sic*] of this agreement . . . shall be settled by arbitration."[1]

The defendant filed a demand for arbitration of the matter with the American Arbitration Association.

The plaintiff sought to restrain the activation of the arbitration proceedings by petition in the trial court in which his rescission action is pending. No response was made to plaintiff's petition. After a hearing on the

---

\*Assigned by the Chairman of the Judicial Council.

[1]The agreement provides for arbitration of any dispute, as follows:

"(c) *Arbitration*—Any controversy or claim arising out of or related to this agreement and to any part thereof, including, but not limited to this paragraph on arbitration, and to the performance, breach, interpretation or enforceability hereof, and all claims of fraud in the inducement of this agreement and all claims for rescision [*sic*] of this agreement, or any part of this agreement, shall be settled by arbitration. Such arbitration shall be held in the City of San Francisco unless otherwise agreed by the parties in writing, and heard and settled in accordance with the rules of the American Arbitration Association. The arbitrator may make any order, decision, determination or award which he deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, requiring any party to perform any of its obligations or undertakings. The arbitrator may also make any interim order, decision, determinations, or award he deems necessary to preserve the status quo until he is able to render a final order, decision, determination or award. Any final or interim order, decision, determination or award made by the arbitrator shall be conclusive and binding upon the parties and judgment upon any such order, decision, determination or award may be enforced and entered in any court having jurisdiction thereof."

application for injunctive relief, in which the defendant did not participate, said relief was denied.

This petition resulted from that denial.

Petitioner urges that under provision of Code of Civil Procedure, section 1281.2 the trial court was required to issue the injunction upon a showing that grounds existed for revocation of the agreement. That section of the code, as pertinent or relevant hereto, provides as follows: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

"(a) The right to compel arbitration has been waived by the petitioner; or

"(b) Grounds exist for the revocation of the agreement.

"If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit."

■ Code of Civil Procedure, section 1281.2 thus provides that the trial court must, upon proper petition therefor, order arbitration if it determines that an arbitration agreement exists unless it also determines that grounds exist for revocation of the agreement, and this determination is made without regard to the substantive merit of the petitioner's contentions. This is the procedural remedy designed to implement section 1281 which provides as follows: "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."

In support of his position, petitioner relies upon *A. D. Hoppe Co.* v. *Fred Katz Constr. Co.*, 249 Cal.App.2d 154 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162] and *Bianco* v. *Superior Court*, 265 Cal.App.2d 126 [71 Cal.Rptr. 322]. Both these cases involve petitions to compel arbitration pursuant to Code of Civil Procedure, section 1281.2 and thus are to be distinguished from this case. ■ The arbitration statutes (Code Civ. Proc., § 1280 et seq.) apply to all written agreements to arbitrate and do not set forth any procedure to stay a threatened arbitration. (See *McRae* v. *Superior Court*, 221 Cal.App.2d 166, 169 [34 Cal.Rptr. 346, 98 A.L.R.2d 1239].)

Petitioner contends that since the statute provides procedures to compel arbitration in proper cases, it follows that the court may enjoin threatened

arbitration. We cannot agree. The procedure set forth by the arbitration statute is logical and necessary, for if the contract has been rescinded then the arbitration clause has ceased to exist. (*Silva v. Mercier,* 33 Cal.2d 704, 709 [204 P.2d 609]; *B. L. Metcalf General Contractor, Inc.* v. *Earl Erne, Inc.,* 212 Cal.App.2d 689, 693 [28 Cal.Rptr. 382].) ■ Section 1281.2 of the Code of Civil Procedure contemplates the precise situation here in which one of the parties is unwilling or refuses to arbitrate the controversy.

■ In this case petitioner may decline or refuse to participate in the arbitration proceedings and the real party in interest, Logan, will then be compelled to rely upon the procedures set forth in section 1281.2 of the Code of Civil Procedure to enforce the right of arbitration. ■ Agreements to arbitrate are not self-executing; one desiring arbitration must take steps to secure it. (See *Local 659, I.A.T.S.E.* v. *Color Corp. of America,* 47 Cal.2d 189, 194-195 [302 P.2d 294]; *Publicists Local 818* v. *National Screen Service Corp.,* 183 Cal.App.2d 491, 497 [7 Cal.Rptr. 238].) ■ In order to compel arbitration, defendant will have to seek relief in the court in which plaintiff's present cause of action is pending, (Code Civ. Proc., § 1292.4) and until he seeks to compel arbitration and to stay the present cause of action, plaintiff is free to prosecute his suit for rescission. (See *Local 659, I.A.T.S.E.* v. *Color Corp. of America, supra,* at p. 194; *Publicists Local 818* v. *National Screen Service Corp., supra,* at p. 497.) If the suit goes to judgment, it will be final and binding upon the parties; the arbitration clause will be considered waived. (See *Local 659, I.A.T.S.E.* v. *Color Corp. of America, supra,* at p. 194.) It follows that the procedures set forth in Code of Civil Procedure, section 1281.2 are not only proper, but offered an adequate remedy at law. Petitioner is not prejudiced by this disposition.

It follows from our disposition on procedural grounds that we never reach the substantive question of the scope of the arbitration agreement.[2]

The alternative writ is discharged and the petition is denied.

Kerrigan, Acting P. J., and Tamura, J., concurred.

---

[2]Whether a claim that the whole contract is void may be made the subject of arbitration is a question yet unsettled. (See *Bianco* v. *Superior Court,* 265 Cal.App.2d 126 [71 Cal.Rptr. 322]; cf. *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.,* 388 U.S. 395 [18 L.Ed.2d 1270, 87 S.Ct. 1801]; *Posner* v. *Grunwald-Marx, Inc.,* 56 Cal.2d 169 [14 Cal.Rptr. 297, 363 P.2d 313].) The question seems to be to what extent the arbitration clause can be considered a separate contract independent of the underlying contract, and thus immune from claims of the underlying contract's invalidity.