## No. C-1455

### Albertson's, Inc., a Delaware corporation v. Jonathan W. Rhoads

(582 P.2d 1049)

Decided August 14, 1978.

Dawson, Nagel, Sherman & Howard, James E. Hautzinger, Charles W. Newcom, for petitioner-defendant.

Casey, Klene, Horan & Wegs, R. Paul Horan, David R. Reitsema, for respondent-plaintiff.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The petitioner, Albertson's, Inc., appeals from a district court judgment of wrongful termination of employment of an employee. The court of appeals affirmed. 40 Colo. App. 198, 574 P.2d 114 (1977). We granted a petition for writ of certiorari and now reverse.

The terms and conditions of Albertson's employment of respondent were governed by a collective bargaining agreement between the Denver Retail Grocers and the Retail Clerks Union Local No. 7, effective from November 1, 1970 to November 1, 1973. The respondent's employment in one of petitioner's supermarkets was terminated on October 18, 1973, at which time he registered a complaint with a representative of his union. The union representative orally presented a grievance to Albertson's; however, no written grievance was ever filed.

The respondent filed the district court action. Albertson's claimed that the district court had no jurisdiction over the action as the respondent had failed to utilize and exhaust the grievance and arbitration procedures set forth in the collective bargaining agreement. The district court rejected this contention.

In his briefs in the court of appeals and until oral argument there, the respondent conceded that federal law controlled this dispute. He now contends that federal law is not applicable because no showing was made at the trial court level that this agreement involved "an industry affecting interstate commerce." *See* 29 U.S.C. § 185. This agreement so clearly involves an industry affecting interstate commerce[1] that we treat it as the parties did up until the time of oral argument at the court of appeals level. That is, we assume that federal law is controlling. Even if federal law was not applicable, however, we would find the United States Supreme Court cases persuasive and would reach the same result.

The court of appeals determined that the contract did not provide that the grievance procedure was the exclusive means of initiating a claim for breach of the agreement. Thereby, the court of appeals distinguished the doctrine announced in the cases of *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) and *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). These cases provide that if the grievance procedure is the exclusive remedy then it must be exhausted. If it is not exhausted, the employee may not maintain a suit in

---

[1] *See Wickard v. Filburn,* 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942); *United States v. Darby,* 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941).

the absence of a claim that the union breached its duty of fair representation. *See Vaca v. Sipes, supra.* The concurring opinion of Mr. Justice Fortas in *Vaca* would have left open the possibility that an attempt by the employee to persuade the union to pursue the grievance procedure, such as may have occurred here, would suffice as a prerequisite to a court action brought by the employee. This, however, was not the position espoused by the controlling opinion of the court.

■ Given this state of the law, the only issue raised by this appeal is whether the grievance procedure is exclusive or elective. As we determine that the grievance procedure is exclusive, the action should be dismissed for failure to allege or prove a breach of the union's duty of fair represen-· tation.

A portion of the agreement at issue here provided:

"The Union *may* present a grievance. All grievances *shall* be submitted in writing within ten (10) calendar days of their occurrence and shall clearly set forth the issues and contentions of the aggrieved party or parties and must reasonably allege a specific violation of an express provision of this Agreement." (Emphasis added)

The collective bargaining agreement in question in *Republic Steel v. Maddox, supra,* provided:

"Any Employee who has a complaint *may* discuss the alleged complaint with his Foreman in an attempt to settle it. Any complaint not so settled *shall* constitute a grievance within the meaning of this Section, 'Adjustment of Grievances.'

"Grievances *shall* be handled in the following manner:" (Emphasis added)

■ The United States Supreme Court held that this agreement provided that the grievance procedure was the exclusive remedy. The court stated:

"Use of the permissive 'may' does not of itself reveal a clear understanding between the contracting parties that individual employees, unlike either the union or the employer, are free to avoid the contract procedure and its time limitations in favor of a judicial suit. *Any doubts must be resolved against such an interpretation. See United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574; *Belk v. Allied Aviation Service Co.,* 315 F.2d 513, *cert. denied,* 375 U.S. 847," (Emphasis added)

When we apply the Republic Steel rule of construction that all doubts must be resolved in favor of exclusivity, a determination that the grievance procedure involved here is exclusive is virtually mandated. We find that the use of the term "may" was not intended to allow individual employee suits as an alternative to the grievance procedure. Rather, we view the first sentence quoted above as simply a general grant of power to the union to present grievances. That is, we view it as somewhat analogous to an enabling clause.

■ Since the grievance procedure is exclusive, it was improper for the district court to consider the case absent an allegation of breach of the duty of fair representation or some other extraordinary circumstance. *See, Vaca v. Sipes, supra; Republic Steel Corp. v. Maddox, supra.*

Judgment reversed and the cause returned to the court of appeals for remand to the district court with directions to proceed consonant with the views here expressed.

MR. JUSTICE ERICKSON does not participate.