**PUEBLO, a municipal corporation, Plaintiff–Appellant,**

**v.**

**PUEBLO ASSOCIATION OF GOVERNMENT EMPLOYEES, Defendant–Appellee.**

**No. 91CA0431.**

Colorado Court of Appeals, Div. III.

July 2, 1992.

As Modified on Denial of Rehearing Sept. 24, 1992.

Law Offices of Thomas E. Jagger, John G. Scorgie, Pueblo, for plaintiff-appellant.

Frasher, Trechter, Gradisar and Wilson, Nicholas A. Gradisar, Pueblo, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Pueblo (City), appeals from the order denying its motion to dismiss for lack of subject matter jurisdiction and the judgment entered in favor of defendant, Pueblo Association of Government Employees (Union), on its counterclaim for breach of contract. We affirm.

This case arises out of the City's attempt to promote the tenth person on the civil service eligible list by reclassifying her clerk typist position to a senior clerk typist position. The Union appealed that promotion to the Civil Service Commissioner and, on June 2, 1988, also filed a grievance with the City pursuant to a collective bargaining agreement between the parties.

On June 7, 1988, the City responded to the grievance, which alleged contractual violations, by stating that this was not a matter that was "substantively arbitrable" under the agreement.

On June 16, 1988, a hearing was held on the matter before the Pueblo Civil Service Commission. It found that the promotion was designed to circumvent the "Rule of Three" applicable to employee selection for civil service jobs, the collective bargaining agreement, and the civil service rules and regulations. Additionally, the Civil Service Commission found that the promotion was a clearly unwarranted abuse of discretion and ordered it vacated.

On July 21, 1988, and August 19, 1988, the City filed C.R.C.P. 106 complaints in the district court for review of the Civil Service Commission orders. The City did not vacate the promotion of the employee and continued to pay her at the senior clerk typist rate until the end of May 1990.

On September 30, 1988, the Union filed answers, affirmative defenses, and counterclaims to the C.R.C.P. 106 complaints. The Union's second counterclaim, which is the subject of this appeal, alleged that the

appointment of the employee constituted a breach of the collective bargaining agreement and an unfair labor practice for which the Union was entitled to damages. The City filed a reply to the second counterclaim on October 18, 1988, generally denying the counterclaim and alleging that it failed to state a claim on which relief could be granted, but without reference to arbitration.

For the first time, on August 3, 1990, the City asserted in its pretrial disclosure statement that the Union had failed to exhaust the grievance/arbitration procedure provided for in the Union contract. When the matter came on for trial on August 23, 1990, the City orally moved to dismiss the action for lack of subject matter jurisdiction of the second counterclaim based upon the collective bargaining agreement between the Union and the City. The trial court found that the City had taken actions inconsistent with its contractual arbitration right and that the Union might have been prejudiced by the delay in raising the arbitration issue. It, therefore, concluded that the City had waived its contractual right to arbitrate the matter.

### I.

The City contends that the trial court erred in holding that it had jurisdiction over the subject matter of this action after finding that the City had waived the right to assert that the Union's second counterclaim be submitted to arbitration. The City asserts that, because the Union failed to avail itself of the arbitration remedy contained in its collective bargaining agreement, it has no judicial remedy for its claim of violation of the agreement. We perceive no error in the trial court's ruling.

### A.

■ The City first argues that the failure of the Union to exhaust the contractual grievance procedure is a jurisdictional defect which required the trial court to dismiss the action for lack of subject matter jurisdiction. We disagree.

The agreement provided that:

If the grievance is not resolved under Section 4 above, the Union may request arbitration by serving written notice of intent to arbitrate on the City within thirty (30) days after receipt of the response of the City Manager under section 4....

As the basis for its argument, the City relies on *Albertson's, Inc. v. Rhoads*, 196 Colo. 159, 582 P.2d 1049 (1978), which requires that, absent an extraordinary circumstance, an aggrieved party must exhaust the grievance process before resorting to a judicial remedy. However, in *Norton v. School District No. 1*, 807 P.2d 1160 (Colo.App.1990), where the employer refused to process the plaintiff's grievance because it claimed that she was not covered by the collective bargaining agreement, it was held that the employer was barred from claiming that plaintiff had not exhausted her remedies.

Here, after receipt of the grievance, the City responded by sending a letter to the Union stating that it did "not consider the issue to be substantively arbitrable ... [because] Actions pertaining to reclassification are covered by Ordinance rather than by the Collective Bargaining Agreement." On appeal, the City still maintains this position but, nevertheless, asserts that the Union should be foreclosed from litigating a matter which it should have arbitrated.

First, although the agreement simply states that "the Union may request arbitration," under *Albertson's, Inc. v. Rhoads*, *supra*, even when a collective bargaining agreement uses the word "may," the grievance procedure is the exclusive remedy for violation of the agreement. Thus, arbitration was initially mandated here.

However, the City's position is inconsistent in that it "litigated" the matter in front of the Civil Service Commission pursuant to the City's charter and appealed the decision to the district court, yet it now asserts that the Union should have requested arbitration. Under such the circumstances, we conclude that the Union was not required to exhaust the grievance process by invoking arbitration. *See Norton v. School District No. 1*, *supra*.

**B.**

■ We find no merit in the City's claim that it was not given any right to arbitrate under the collective bargaining agreement and, therefore, could not waive a right which it did not possess.

The agreement does not expressly provide the City the right either to request arbitration or to insist that the Union pursue arbitration. However, if the Union does request arbitration, then the City has the right to participate.

The City was a party to the agreement, and thus, even though the Union had the initial right to request arbitration, the City had the right to insist that the Union pursue arbitration. Accordingly, the City's conduct supports the trial court's finding of waiver.

"To hold otherwise would give the opportunity to the party objecting to arbitration to defeat the contractual right of the other by his inaction and delay in prosecuting his claims." *Sears Roebuck & Co. v. Herbert H. Johnson Associates, Inc.*, 325 F.Supp. 1338 (D.Puerto Rico 1971); *see also Sauter v. Superior Court*, 2 Cal.App.3d 25, 82 Cal.Rptr. 395 (1969) (agreements to arbitrate are not self-executing and party desiring arbitration must take steps to secure it).

**C.**

■ The City next asserts that there is error in the trial court's finding that the failure of the Union to arbitrate was not a jurisdictional defect but, rather, an affirmative defense which had to be pled as such by the City. The City argues that the matter ceased to be subject to arbitration, let alone litigation, in July of 1988 because the City filed a response on June 7, 1988, and the Union then did nothing further in pursuit of the grievance. Again, we disagree.

■ Although the Union did not request arbitration by serving written notice of intent to arbitrate within thirty days after receiving the City's response, the effect of such failures to comply with procedural requirements is for an arbitrator to decide.

*John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

As stated in *Chauffeurs, Teamsters & Helpers Local 765 v. Stroehmann Bros. Co.*, 625 F.2d 1092 (3d Cir.1980).

[T]he significance of a default in literal compliance with a contractual procedural requirement calls for a determination of the intention of the parties to contract. Such a determination is no different in kind from a dispute over a substantive contract provision. Both types of determination are, under the governing case law, matters for the arbitrator.

Accordingly, the matter was subject to arbitration until the arbitration rights were waived.

■ A court has jurisdiction to decide the question of waiver, and if it is right in this ruling, it has jurisdiction to proceed. *Alspaugh v. District Court*, 190 Colo. 282, 545 P.2d 1362 (1976).

We perceive no error in the trial court's finding that the City should have pled failure to arbitrate as a defense or filed a proper motion prior to the date set for trial so that the court as well as the other party could have notice of the possible jurisdictional defect. *See Bashor v. Bache Halsey Stuart Shields, Inc.*, 773 P.2d 578 (Colo. App.1988) (failure to assert in answer affirmative defense of right to arbitrate may be deemed waiver of right to have dispute resolved by arbitration); *Guthrie v. Barda*, 188 Colo. 124, 533 P.2d 487 (1975) (when findings of jurisdictional facts are required, they must be made by court prior to trial).

**D.**

■ We reject the City's argument that a union which files a breach of contract action involving a union contract grievance is required to comply with all conditions precedent to such action and to allege such compliance in its pleading.

■ An arbitration clause requires the contracting parties, in the absence of waiver and estoppel, to submit to arbitration the disputed matters arising out of the performance of the contract as a condition prece-

dent to filing suit. *Zahn v. District Court,* 169 Colo. 405, 457 P.2d 387 (1969).

Here, the trial court found that the City had waived its right to arbitration. Therefore, the Union was not required to plead that it complied with the arbitration procedure.

We also find no merit in the City's assertion that the trial court was proceeding under the misapprehension that a union can take a contract grievance to binding arbitration only if the employer consents to the arbitration.

## II.

The City next contends that the trial court's award of damages to the union was beyond its jurisdiction and unsupported by the evidence. We disagree.

### A.

■ Here, the Union requested that the trial court award $2,548 to each of the seven employees above the employee chosen on the eligible list, but the court declined to do so. Instead, it awarded $2,548 to the Union as the sole and exclusive collective bargaining agent of the employees.

Under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1988), a union may sue to recover wages or vacation pay claimed by its members pursuant to the terms of a collective bargaining contract. *International Union v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Even though public employees are not subject to the requirements of federal labor law, federal decisions offer guidance in resolving comparable issues in the public sector. *Jefferson County School District No. R–1 v. Shorey,* 826 P.2d 830 (Colo.1992).

It is undisputed that the Union is the sole and exclusive bargaining agent for the "Other Classified Employees" of the City. A senior clerk typist is a position included among the "Other Classified Employees"

of the City, and the individual occupying that position is, therefore, a member of the bargaining unit represented by the Union. Thus, the Union could sue to recover wages claimed by any employee who was not promoted to the position of senior clerk typist, and the trial court's award of damages to the union was not beyond its jurisdiction. *See International Union v. Hoosier Cardinal Corp., supra* (that the employees did not assign their claims to the union presents no barrier to the union's standing to sue on their behalf); *New Mexico District Council of Carpenters, AFL–CIO v. Mayhew Co.,* 664 F.2d 215 (10th Cir.1981) (contention rejected that union may not sue to recover wages or vacation pay claimed by its members under collective bargaining agreement).

### B.

■ One injured by a breach of an employment contract is limited to the amount the person would have earned under the contract less such sums as the person in fact earned. *Brotherhood of Railroad Trainmen v. Denver & Rio Grande Western R.R. Co.,* 338 F.2d 407 (10th Cir.1964), *cert. denied,* 380 U.S. 972, 85 S.Ct. 1330, 14 L.Ed.2d 268 (1965).

■ Here, the trial court determined that the difference between what the employee would have been paid as a clerk typist and actually was paid as a senior clerk typist was $2,548. It awarded this amount to the Union on the basis that the Union as the representative of the employee who was not able to fill the senior clerk typist position was entitled to that sum on its breach of contract claim and that the "Rule of Three" applied equally to the Union. We find no error in this determination.

The judgment is affirmed.

METZGER, J., concurs.

VAN CISE, J.,* specially concurs in part and dissents in part.

---

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

508

Judge VAN CISE specially concurring in part and dissenting in part:

For different reasons, I concur in the majority's affirmance of that part of the judgment finding that the City breached the collective bargaining agreement when it promoted the tenth person on the civil service eligible list. I see no merit in the City's contention that, because the Union failed to avail itself of an available arbitration remedy, the Union has no judicial remedy for the violation. The agreement merely provides that "the *Union may* request arbitration," it does not require this action. The City is not even given any right to request arbitration, so it has nothing to waive.

I do not agree that the Union is entitled to recover damages. As the Union's counsel agreed at the trial, "the only person that is entitled to ... recover ... is someone who would be eligible for the position...." None of these persons were parties to the case, and there is no evidence of any assignment by any of them. Thus, that part of the judgment awarding damages to the Union should be reversed.