667 N.E.2d 1335 (1996)
282 Ill. App.3d 191
217 Ill.Dec. 759
Alison JACKSON, Robin Cruse Handibode, Pamela Grant, Kimberly A. Cosimo, Frank Cosimo, Don W. Smith, Virginia A. Tepper, Velvin Jackson, Lisa K. Coons and Lawrence W. Coons, Plaintiffs-Appellants,
v.
COOK COUNTY REGIONAL BOARD OF SCHOOL TRUSTEES, Proviso Township School Trustees and Board of Education of Proviso Township High School District No. 209, Cook County, Illinois, Defendants-Appellees (Board of Education of Riverside-Brookfield Township High School District No. 208, Plaintiff-Intervenor-Appellant).
Nos. 1-94-2104, 1-94-2772 and 1-94-3393.
Appellate Court of Illinois, First District, First Division.
June 28, 1996.
*1336 Sodaro & Associates, Oak Brook (Jennifer Prager Sodaro, of counsel), for appellants.
Ancel, Glink, Diamond, Cope & Bush, P.C., Chicago (Stewart H. Diamond, Alan M. Mullins, of counsel), for appellees.
Stack, Filpi & Kakacek, Chartered, Chicago (Paul F. Stack, of counsel), for intervenor-appellant.
Justice BUCKLEY delivered the opinion of the court:
Plaintiffs, Alison Jackson, Robin Cruse Handibode, Pamela Grant, Kimberly A. Cosimo, Frank Cosimo, Don W. Smith, Virginia A. Tepper, Velvin Jackson, Lisa K. Coons, and Lawrence W. Coons, and plaintiff-intervenor, Board of Education of Riverside-Brookfield Township High School District No. 208 (Riverside-Brookfield), appeal the circuit court's denial of plaintiffs' petition for administrative review of a decision of defendant, the Cook County Regional Board of School Trustees (Regional Board). The Regional Board denied plaintiffs' petition for detachment from Proviso Township High School District No. 209 and annexation to Riverside-Brookfield High School District No. 208.
*1337 On appeal plaintiffs and Riverside-Brookfield argue: (1) the case should be remanded to the circuit court to determine the applicability of section 7-2b of the School Code (105 ILCS 5/7-2b (West 1992)), and (2) the "recusal" of one Regional Board member present at the Regional Board meeting should be counted with the majority vote in favor of annexation. We affirm.

BACKGROUND
On March 4, 1992, a number of citizens living within Proviso Township filed a petition with the Regional Board to detach the territory in which they lived from Proviso Township High School District No. 209 (Proviso), and annex it to Riverside-Brookfield. Evidence was presented and exhibits were received by the Regional Board on July 20, 29, and 30, 1992.
On July 30, 1992, the Regional Board prepared to vote. Two of the seven elected members were absent. One member, Arthur Kay, stated prior to the vote that he would "recuse" himself from voting because he had not been present at all of the hearings and had not read the transcripts. The Regional Board then voted three to one in favor of granting the petition. The Regional Board issued a ruling denying the petition because it failed to be approved by a majority of the Regional Board, or four votes. The order stated that Kay had "disqualified" himself from voting.
Plaintiffs filed their complaint for administrative review and presented two issues to the circuit court. Riverside-Brookfield did not participate in the proceeding before the Regional Board, but intervened in the circuit court suit for the purpose of seeking a determination of its legal obligations. The circuit court first addressed the issue of the effect of Kay's disqualification from voting. After a full and independent hearing on this matter, the court determined that Kay's nonaction did not have the legal effect of a vote being cast. The circuit court determined that section 6-18 of the School Code (105 ILCS 5/6-18 (West 1992)) required that the petition receive the affirmative vote of at least four trustees and that the "recusal" of a quasi-judicial officer did not effect the Regional Board's decision to deny the petition.
The second issue addressed by the court was whether the Regional Board's decision to deny the petition pursuant to section 7-1 of the School Code (105 ILCS 5/7-1 (West 1992)) was against the manifest weight of the evidence. The circuit court determined that it was not and denied plaintiffs' petition for administrative review. This appeal followed.

DISCUSSION

I. Section 7-2b
On appeal, plaintiffs and Riverside-Brookfield do not challenge the circuit court's determination that the Regional Board's decision, pursuant to section 7-1 of the School Code (105 ILCS 5/7-1 (West 1992)), was not against the manifest weight of the evidence. Rather, they argue that section 7-2b applies. 105 ILCS 5/7-2b (West 1992). Section 7-1 provides that school district boundaries may be changed by the regional board of school trustees. However, section 7-2b provides:
"Any contiguous portion of an elementary or high school district that constitutes 10% or less of the equalized assessed value of the district shall upon petition of two-thirds of the registered voters of the territory proposed to be detached and annexed be so detached and annexed by the regional board of school trustees if granting such petition shall make the boundaries of the district the territory is proposed to be annexed to coterminous. (Emphasis added.)
105 ILCS 5/7-2b (West 1992).
Plaintiffs argue that the language in section 7-2b is nothing less than a statutory mandate to grant the plaintiffs' petition, and the Regional Board had no discretion in the matter. Plaintiffs contend their petition for detachment and annexation was legally sufficient under this section of the School Code and ask this court to remand this cause to the circuit court to determine the applicability of section 7-2b.
Proviso, the only defendant to file an appellee brief with this court, contends that this issue is waived because it was never presented to the Regional Board or the circuit court. In fact, Proviso argues, counsel for plaintiffs specifically stated before the *1338 Regional Board that they did not intend to proceed under section 7-2b.
Issues not raised before the trier of fact are waived and cannot be raised for the first time on review. Shell Oil Co. v. Department of Revenue, 95 Ill.2d 541, 550, 70 Ill.Dec. 191, 195, 449 N.E.2d 65, 69 (1983). Plaintiffs argue that a mandatory statutory directive is not waivable, although they do not cite any case law for this proposition. Riverside-Brookfield argues that the doctrine of waiver is inapplicable here under the rule of law stated in Foreman v. Holsman, 10 Ill.2d 551, 141 N.E.2d 31 (1957).
In Foreman, our supreme court stated: "This court has consistently held that the benefits of a statute may not be waived by an individual in cases where the statute was enacted for the protection of the public generally * * *." Foreman, 10 Ill.2d at 554, 141 N.E.2d at 32. However, in Foreman, the issue was whether the purchasers of an unregistered security were precluded from rescinding the sale, pursuant to the Illinois Securities Act, because of a contemporaneous agreement to release the seller from liability under that act. The appellate court held that the plaintiffs' cause of action was extinguished by the release agreement. The supreme court reversed, finding that to permit the remedy provided by the Act "to be `waived' or `released' prior to or contemporaneously with the sale of unregistered securities would thwart the very objective of the statute and violate the declared public policy of this State." Foreman, 10 Ill.2d at 554, 141 N.E.2d at 32.
When the Foreman rule is put in context, it becomes evident that it does not apply here. This case does not involve an individual who contractually released the application of a statute prior to or contemporaneously with a transaction or agreement. Additionally, this case did not involve a statute "enacted for the protection of the public generally," like the Illinois Securities Act, which was enacted to protect the public from dishonest, incompetent, or ignorant persons engaged in the business of disposing of securities of uncertain value. Foreman, 10 Ill.2d at 554, 141 N.E.2d at 32.
Here, the statute at issue provided a means for annexation of territories to school districts. While it may have been enacted to facilitate the public interest in "coordinated educational articulation from grades kindergarten through senior year of high school," as Riverside-Brookfield put it, it cannot be included among the statutes providing protections to the public generally, such as securities regulations.
The plaintiffs apparently had a choice to proceed with their petition for detachment and annexation under either section 7-1 or 7-2b, or both. They explicitly chose to proceed under section 7-1 only, and they failed to argue before the Regional Board or the circuit court that section 7-2b mandated the annexation. Thus, we find this issue is not properly before this court, and we deny plaintiffs' request for remand to the circuit court.

II. Legal Effect of Trustee's Failure to Vote.
Plaintiffs and Riverside-Brookfield also argue that Kay's "recusal" must be given the legal effect of a vote with the majority of those voting, under Prosser v. Village of Fox Lake, 91 Ill.2d 389, 63 Ill.Dec. 396, 438 N.E.2d 134 (1982). In Prosser, the plaintiff sought to enjoin enforcement of two village ordinances on the ground that they were not properly passed because the three "aye" votes did not constitute "the concurrence of a majority" of the six member village board. Prosser, 91 Ill.2d at 392, 63 Ill.Dec. at 397, 438 N.E.2d at 135. The ordinances established the office of village president as a full-time position and set the salaries of the president and village trustees. Five of the six village trustees, including the acting president, were present. Three voted "aye," one voted "nay" and the acting president did not vote, after the village attorney advised him that his vote was not necessary for passage. Both ordinances were signed by the acting president as "approved." Prosser, 91 Ill.2d at 392, 63 Ill.Dec. at 397, 438 N.E.2d at 135.
The supreme court held that the acting president's failure to vote had the legal effect of a vote with the majority. The court stated:

*1339 "If a quorum is present, municipal legislators cannot avoid their voting responsibilities by refusing to vote when present at a meeting. [Citations.] A legal significance or effect must be given to each failure to vote by a municipal legislator who is present at a board meeting in order to prevent frustration or abuse of the legislative process. [Citation.] * * *
* * * * * *
The effect of voting to `abstain,' or to `pass,' or voting `present' or of refusing to vote when present at a meeting depends on whether `the affirmative vote' of a majority or `the concurrence' of a majority, of either the quorum or of all members then holding office, is required for passage." Prosser, 91 Ill.2d at 394-95, 63 Ill.Dec. at 397-98, 438 N.E.2d at 135-36.
The court held that where "the affirmative vote" of a majority is required by statute for passage, "[a]n attempt to vote to `abstain' or in any other manner other than `yea' or `nay,' or a failure to vote" has the effect of a "nay" vote. Prosser, 91 Ill.2d at 395, 63 Ill.Dec. at 398, 438 N.E.2d at 136. On the other hand, where the "concurrence" of a majority is required for passage, the failure to vote constitutes an acquiescence with the majority of members who did vote. Prosser, 91 Ill.2d at 395, 63 Ill.Dec. at 398, 438 N.E.2d at 136.
Defendant argues that the Prosser rule is limited to municipal legislators and does not apply to the quasi-judicial Regional Board trustee who "recused" himself from voting. We agree. We first note that the word Kay used to describe his failure to vote is irrelevant since it is clear Prosser applied to any failure to vote. However, Kay's use of the word "recuse" does indicate that the Regional Board was acting in a quasi-judicial fashion. Riverside-Brookfield cites Kinney v. County Board of School Trustees, 7 Ill. App.2d 286, 129 N.E.2d 292 (1955), for the proposition that county school boards act as an agent of the legislature in performing the function of changing school district boundaries. However, the court in Kinney was not addressing the issue before this court, but merely stating the rules of law regarding the review of administrative agency decisions.
When the circumstances surrounding the Regional Board's decision are examined, it is clear the Regional Board was acting in a quasi-judicial manner. The Regional Board held a hearing and the trustees voted on the basis of the evidence presented. Kay did not feel he could vote because he was not present for the whole hearing. Furthermore, the Regional Board's decision was reviewed by the circuit court as a judicial decision, to determine whether its decision was against the manifest weight of the evidence.
Prosser involved a municipal legislature and the court's reasoning is based on the nature of a legislative body. Since Prosser, only one case has addressed its application. In Lake County Forest Preserve District v. Northern Trust Bank/Lake Forest, N.A., 207 Ill.App.3d 290, 152 Ill.Dec. 182, 565 N.E.2d 715 (1990), the appellate court held that by failing to vote, a member of the county's board of commissioners effectively concurred with 12 of the 24 members voting for a resolution. The circuit court had found Prosser distinguishable on its facts because in that case the nonvoting member indicated that he would have voted in favor of the ordinances, whereas in the case before it the nonvoting member indicated he did not support the resolution. The appellate court reversed, finding that Prosser contained no limiting language to constrain the rule to the facts of that case. Northern Trust, 207 Ill. App.3d at 296, 152 Ill.Dec. at 185, 565 N.E.2d at 718.
Like Prosser, Northern Trust also involved a municipal legislature. Although Northern Trust holds that Prosser applies regardless of the intentions of the nonvoting member, it does not address the application of Prosser in a quasi-judicial setting. We do not believe our finding that Prosser is limited to municipal legislatures has any effect on the holding in Northern Trust.
Defendant also argues that Prosser does not apply because here the relevant statute does not require a "concurrence" or an "affirmative vote" of the majority for passage. Rather, section 6-18 states:
"A majority of the members elected to the board shall constitute a quorum. Unless *1340 otherwise provided a majority vote of all the board shall be required to decide a measure."
105 ILCS 5/6-18 (West 1992).
We do not agree that Prosser only applies where the words "affirmative" or "concurrence" appear in the applicable statue. However, we do agree with defendant's contention that this court must give meaning to the word "vote," which cannot equal the meaning of "concurrence."
We reject Riverside-Brookfield's argument that this court would render the word "affirmative" meaningless in other statutes if it were to find section 6-18 required a majority of "aye" votes to pass a measure. The Prosser rule, that a failure to vote has the legal effect of an acquiescence or concurrence where the statute requires a "concurrence" of a majority, is clearly based on the use of the word "concurrence" in the statute. Neither that word, nor any similar word is present in section 6-18. Thus, even if the Prosser rule was applicable to the quasi-judicial vote found in the case before us, Kay's failure to vote would have the legal effect of a "nay" vote, not an acquiescence with the majority.
Accordingly, for the foregoing reasons, we affirm the order of the circuit court of Cook County.
Affirmed.
CAMPBELL, P.J., and BRADEN, J., concur.