[Civ. No. 47083. Second Dist., Div. Two. May 4, 1976.]

PACIFIC INVESTMENT COMPANY et al.,
Plaintiffs and Respondents, v.
MICHAEL D. TOWNSEND et al., Defendants and Appellants.

COUNSEL

Costello, Manfredi & Thorpe and Edward J. Costello, Jr., for Plaintiffs and Appellants.

Richard I. Wideman and Martin S. Friedlander for Defendants and Respondents.

OPINION

**FLEMING, J.**—Defendants Michael Townsend and Margaret Torma appeal an order denying their petition to stay proceedings and compel arbitration[1] in an action brought by plaintiffs Pacific Investment Company, a limited partnership doing business as Pacific Gardens, Todd Schiffman, Larry Larson, Donald and Leonard Olds, Smile Peres, Hugh Rouse, and Robert Dahl.

The primary issue is whether an arbitration clause in a limited partnership agreement covers matters raised in plaintiffs' complaint.

## BACKGROUND

Defendants Michael Townsend and Margaret Torma and plaintiffs Schiffman, Larson, Ronald and Leonard Olds, Peres, Rouse, and Dahl are limited partners in Pacific Investment Company. Michael Townsend initially was also the general partner. Michael Townsend, his brother defendant Thomas Townsend, and their mother Margaret Torma, own defendant General Management Company. Margaret Torma's husband, defendant Tibor Torma, does business as Quality Maintenance Company. The partnership and General Management Company maintain bank accounts or certificates of deposit with defendants Bank of California, Crocker Bank, and Brentwood Savings & Loan. Pacific Investment Company was formed in December 1970 to acquire and manage Pacific Gardens, a 47-unit apartment building at 111 Marquez Place, Pacific Palisades. Nine limited partners contributed a total of $120,000 to capital.

---

[1]The notice of appeal specifies the order of 24 February 1975 which denied a motion for reconsideration. Appellants apparently intended, and we treat this as, an appeal from the earlier order denying the substantive motions. The order denying a stay is not appealable but may be reviewed on appeal from the order refusing to compel arbitration. (Code Civ. Proc., §§ 1294, 1294.2; *Berman* v. *Renart Sportswear Corp.*, 222 Cal.App.2d 385, 388 [35 Cal.Rptr. 218].

The partnership agreement provided that a $12,000 contribution entitled a limited partner to 9 percent of partnership income. On sale of the partnership property, proceeds would be allocated, first, to the return of the limited partners' capital investment, and, then, any excess would be divided 90 percent to the limited partners and 10 percent to the general partner. The partnership agreement recognized that general partner Michael Townsend was a real-estate broker and would receive a 5 percent commission on the sale of Pacific Gardens to the partnership, and that General Management Company (in which Michael Townsend had an interest) would receive 2 percent of the partnership's annual receipts for management services. No partner, general or limited, would receive additional compensation for partnership duties. The agreement gave the general partner full power over partnership operations and imposed a duty on him to maintain records and provide the limited partners with annual financial statements. The limited partners retained the power to remove the general partner and elect a new one, on condition that the general partner's 10 percent interest in excess proceeds of a sale of partnership property be converted to an equivalent limited partnership interest. The agreement further provided that the general partner would have a right of first refusal on any sale of a limited partnership interest. The general partner could purchase the interest on behalf of the partnership or on his own behalf. Admission of new partners was conditioned on acceptance of the provisions of the partnership agreement. Finally, the agreement provided: "In the event of any disagreement between one or more of the partners and the limited partnership, or with reference to any of the activities of the General Partner that cannot properly be settled or adjudicated by the General Partner under its general authority as created herein, such dispute or disagreement shall be arbitrated pursuant to the rules and regulations of the American Arbitration Association then in effect. . . ."

In a related transaction, in December 1970 Schiffman and Larson executed promissory notes for $12,000 and $8,000, respectively, payable to Michael Townsend with 8 percent interest from 30 April 1971. $4,500 and $3,000, respectively, was due on 31 December 1971 with the remainder payable solely from distributions to Schiffman and Larson on their limited partnership interests. The notes were secured by the limited partnership interests.

### THE COMPLAINT

Plaintiffs' second amended complaint asserts three causes of action.

On behalf of all plaintiffs against all defendants the first cause of action charges the Townsends and the Tormas with looting the partnership. It alleges that since the inception of the partnership Michael Townsend has improperly paid himself 10 percent of the partnership income and failed to keep proper records and furnish financial reports. He paid General Management Company more than 2 percent of annual receipts, made unauthorized payments of expenses for General Management Company and Margaret Torma, and paid Tibor Torma for work he did not perform. Michael Townsend also paid himself the interest earned on partnership bank accounts. Michael and Thomas Townsend occupied apartments at Pacific Gardens without payment of rent. On 21 October 1974 Michael Townsend transferred an undivided 10 percent interest in Pacific Gardens to himself. Michael and Thomas Townsend, who knew of the transfer, represented to plaintiffs that the partnership still owned Pacific Gardens.

The first cause of action additionally alleges that Michael Townsend improperly enabled Margaret Torma to acquire the limited partnership interest of a former partner without notice to the other limited partners and by a loan of partnership funds.

Plaintiffs allege that as a result of an independent audit of the partnership, they discovered the improper activities on 14 October 1974. On 5 December 1974 they removed Michael Townsend as general partner, elected Schiffman and Larson as co-general partners, and canceled the management contract of General Management Company. Michael Townsend nevertheless continues to act as general partner and to occupy an apartment rent-free, and he refuses to turn over the partnership records to his successors.

On the first cause of action plaintiffs seek damages, punitive damages, an accounting, appointment of a receiver, injunctive relief, and declaration of constructive trusts.

The second cause of action seeks declaratory relief for plaintiffs and Michael Townsend. It alleges that a dispute has arisen over the limited partnership agreement provisions concerning the interest to be received by a former general partner on removal and on conversion of his interest to "an equivalent limited partnership interest." If the general partner is removed with or without cause, is his converted interest subordinate to that of the other limited partners?

The third cause of action, by Schiffman and Larson against Michael Townsend, alleges that in October 1974 Schiffman and Larson still owed $764.74 and $519, respectively, on their promissory notes to Michael Townsend. There was a distribution of partnership income but they refused to make payment on the notes, assertedly, because Michael Townsend as a consequence of his improper conduct owed them more than the amounts payable on the notes. When Townsend threatened to appropriate the security for the notes, Schiffman and Larson tendered payment but Townsend refused the tender. The third cause of action claims Townsend violated the Commercial Code provisions for foreclosure of security and seeks injunctive relief, damages, and punitive damages.

## DISCUSSION

1. *Parties.* ■ Arbitration is a matter of contract and a party cannot be required to arbitrate a dispute he has not agreed to submit. (*Steelworkers* v. *Warrior & Gulf Co.,* 363 U.S. 574, 582-583 [4 L.Ed.2d 1409, 1417-1418, 80 S.Ct. 1347]; *Unimart* v. *Superior Court,* 1 Cal.App.3d 1039, 1045 [82 Cal.Rptr. 249].) ■ Of the defendants, Thomas Townsend, Tibor Torma, Bank of California, Crocker Bank, and Brentwood Savings & Loan did not participate in the limited partnership agreement and therefore cannot be bound by its arbitration provision. Michael Townsend and Margaret Torma are clearly bound and desire to be bound.

■ Of the plaintiffs, only Donald Olds claims not to be bound by the agreement. He avers he did not sign the original limited partnership agreement. In the complaint, however, Donald Olds alleges he is now a limited partner. By the terms of the limited partnership agreement, to become a limited partner Olds must have accepted and adopted in writing all the terms of the agreement including those for arbitration. All individual plaintiffs, therefore, are parties to the arbitration provision and subject to its compulsion.

2. *Issues.* ■ Arbitration is highly favored as a method for settling disputes. (*Berman* v. *Dean Witter & Co., Inc.,* 44 Cal.App.3d 999, 1003 [119 Cal.Rptr. 130].) Courts should indulge every intendment to give effect to such proceedings (*Lewsadder* v. *Mitchum, Jones & Templeton, Inc.,* 36 Cal.App.3d 255, 259 [111 Cal.Rptr. 405]) and order arbitration unless it can be said with assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. (*Retail*

*Clerks Union, Local 775* v. *Purity Stores, Inc.,* 41 Cal.App.3d 225, 231 [116 Cal.Rptr. 40].) ■ At bench, the clause provides for arbitration "[i]n the event of any disagreement between one or more of the partners and the limited partnership, or with reference to any of the activities of the General Partner . . . ."

In our view this clause encompasses the allegations of the first cause of action against Michael Townsend. The complaint accuses him of mismanagement and misuse of partnership property in his role as general partner and thus asserts a "disagreement . . . with reference to . . . the activities of the General Partner." ■ Margaret Torma, on the other hand, is accused only of receipt of misused partnership property. Her role as a limited partner is not questioned, and we find the allegations against her outside the scope of the arbitration clause.

■ The arbitration clause is broad enough to encompass the allegations of the second cause of action for declaratory relief on the nature of the partnership interest retained by a removed general partner. This clearly stems from a "disagreement between one or more of the partners and the limited partnership."

■ The third cause of action is beyond the compass of the arbitration clause. The dispute there centers upon loans from Michael Townsend to Schiffman and Larson. The three were partners, but only coincidentally so, and the loans neither flowed from nor depended upon their partnership relation.

3. *Remedies.* ■ Plaintiffs contend the substance of their action is to obtain an accounting from Michael Townsend and that an arbitration agreement cannot defeat the court's inherent power to direct an accounting.

This contention is without merit. ■ Equitable relief may be awarded in an arbitration (*California State Council of Carpenters* v. *Superior Court,* 11 Cal.App.3d 144, 159 [89 Cal.Rptr. 625]), and the scope of the arbitration is limited only by the scope of the submission by the parties. (See *Morris* v. *Zuckerman,* 69 Cal.2d 686, 690-691 [72 Cal.Rptr. 880, 446 P.2d 1000].) The court will not interfere where matters are properly submitted to arbitration.

■ Plaintiffs rely on two cases. In *Fischer* v. *Superior Court,* 105 Cal.App. 466 [287 P.2d 556], plaintiff, the beneficiary of a trust, sued for

an accounting by trustees on the expiration of the trust. The trust agreement provided for arbitration "as to any . . . matter under or concerning this agreement." The court stated: "In the case at bar no issue is tendered involving the interpretation of the contract and no controversy has yet developed concerning what has been done under it. The only hint of disagreement in the record would involve conduct in repudiation and not a recognition of the contract, but plaintiffs in this case merely seek an account of the proceedings of the trustees. It is the opinion of the court that plaintiff has this right and that it arises from the familiar jurisdiction of courts of equity to compel an accounting of trust relations, and should not be stayed by the provision for submission to arbitration of disputes as to matters under or concerning the contract." (105 Cal.App. at p. 470.)

*Smith* v. *Superior Court,* 202 Cal.App.2d 128 [20 Cal.Rptr. 512], involved dissolution of a partnership. The partnership agreement called for arbitration "[s]hould a question of difference of opinion arise between the partners which appears incapable of determination between themselves." The court concluded: "Because of the peculiar trusts and duties growing out of the partnership relationship, it would appear that the reasoning of the court in the *Fischer* case is applicable to this action for dissolution of the partnership and an accounting. The agreement herein fails to provide, as between the parties, any specific manner for the winding up of the business. Likewise, it contains no specific provisions entrusting to an arbitrator the matter of dissolution, or delineating the mechanics to be employed to effect a winding up of the business and a distribution of assets by him. Such matters involve something other than a mere 'difference of opinion' between the partners." (202 Cal.App.2d at p. 132.)

The foregoing cases are readily distinguishable. Both involve a request for an accounting on the termination of a relationship under an arbitration clause that applied only to matters arising during the relationship. At bench plaintiffs do not seek to terminate the limited partnership; rather, they seek an accounting of the general partner's activities within a continuing and ongoing partnership. This was specifically provided in the language of the limited partnership agreement which calls for arbitration "with reference to any of the activities of the General Partner."

4. *Waiver.* Plaintiffs filed their original complaint on 14 November 1974 and their second amended complaint on 13 December 1975.

Defendants Michael Townsend and Margaret Torma petitioned to stay proceedings and compel arbitration on 24 January 1975. The trial court denied the petition on 10 February 1975 and denied reconsideration on 24 February 1975. Before the trial court's final ruling, defendants stipulated to extensions of a hearing on a temporary restraining order, filed an answer to the complaint for the purpose of a hearing on a preliminary injunction, and noticed depositions. After the ruling, they filed a cross-complaint for dissolution of the partnership and for abuse of process. ▇▇ ▇▇ Plaintiffs contend defendant's participation in court proceedings amounted to a waiver of any right to arbitration. (Code Civ. Proc., § 1281.2, subd. (a).)

Waiver is ordinarily a question of fact for the trial court (*Daugherty Co. v. Kimberly-Clark Corp.,* 14 Cal.App.3d 151, 158 [92 Cal.Rptr. 120]), but the facts here do not justify a finding of waiver. Defendants raised the arbitration question promptly and in the form provided by statute. (Code Civ. Proc., §§ 1281.2, 1281.4; *Gunderson* v. *Superior Court,* 46 Cal.App.3d 138, 143 [120 Cal.Rptr. 35].) They cannot be faulted for beginning to prepare a defense prior to a final ruling on their petition to compel arbitration or for continuing to defend after an adverse ruling in the trial court. Plaintiffs have suffered no unconscionable injury as a result of defendant's conduct. The case did not, for example, go all the way to judgment before the arbitration issue was raised. (*Northcutt Lumber Co.* v. *Goldeen's Peninsula, Inc.,* 30 Cal.App.3d 440, 445 [106 Cal.Rptr. 353]; *Landreth* v. *South Coast Rock Co.,* 136 Cal.App. 457, 461-462 [29 P.2d 225].)

## CONCLUSION

The trial court erred in denying the petition to compel arbitration of the claims against Michael Townsend in the first two causes of action. The order is reversed to the extent it denies arbitration to Michael Townsend on the first two causes of action, and in other respects the order is affirmed. All parties will bear their own costs on appeal.

Roth, P. J., and Compton, J., concurred.