[No. G001894. Fourth Dist., Div. Three. Dec. 19, 1984.]

DARRYL MLEYNEK et al., Defendants and Appellants, v.
HEADQUARTERS COMPANIES, Plaintiff and Respondent.

COUNSEL

Timothy H. Fine, Patrick J. Carter, Garry Koenigsberg and Robert L. Gorman for Defendants and Appellants.

Kadison, Pfaelzer, Woodard, Quinn & Rossi, Paul B. George, Kevin E. Monson, Brownstein, Zeidman & Schomer and David J. Butler for Plaintiff and Respondent.

OPINION

**WALLIN, Acting P. J.**—Darryl and Sherryl Mleynek appeal the denial of their petition to compel arbitration of an unlawful detainer action. They argue the arbitration provision in a related franchise agreement compels arbitration of the unlawful detainer dispute.

*Facts*

In July 1979, Darryl and Sherryl Mleynek entered into a franchise agreement with Headquarters Companies (HQ) to operate a "HQ Center" which provides businesses with office space, furniture, and other services. The franchise agreement required the Mleyneks to negotiate with HQ for the lease of the center premises, and required the Mleyneks to perform all lease obligations. In the event of any controversy or dispute arising out of or in connection with the franchise agreement, the parties agreed to submit to arbitration.

HQ leased office space in Newport Beach and subleased the property to the Mleyneks in October 1979. The sublease required the property to be used "in accordance with the Franchise Agreement." In addition, the sublease was to terminate upon the termination of the franchise agreement.

On July 19, 1984, HQ filed an unlawful detainer action based on the Mleyneks' failure to pay rent. The Mleyneks filed an answer containing four affirmative defenses of payment by setoff based on various claims of fraud and violations of the Franchise Investment Law (Corp. Code, § 31000 et seq.) relating to HQ's sale of the franchise to the Mleyneks. In addition, the Mleyneks, together with another franchisee, filed a demand for arbitration of their fraud and Franchise Investment Law violation claims with the American Arbitration Association. HQ filed an answer and a set of crossclaims to be considered in arbitration.

The trial court granted HQ's motion to strike the affirmative defenses of payment by setoff in the unlawful detainer action, and denied HQ's motion for summary judgment. The Mleyneks then moved for an order compelling arbitration and a stay pending arbitration. The motion was denied.

The Mleyneks filed a petition for a writ of mandate and a request for a stay with this court attempting to obtain review of both the order striking the affirmative defenses and the order denying arbitration. This court granted a temporary stay conditioned upon the posting of a $10,000 cash or corporate surety bond in order to allow the Mleyneks to file a petition to compel arbitration pursuant to Code of Civil Procedure section 1281.2.

The petition to compel arbitration was denied; the Mleyneks filed a notice of appeal the same day. The next day the trial court conditioned a stay of proceedings pending appeal on the posting of a $100,000 bond within 10 days, the payment of rent for the month of September, and the payment of all future rent as it became due during the litigation. The Mleyneks filed a petition for writ of supersedeas in this court seeking a stay pending appeal. They argued the bond set was excessive and unnecessary to protect HQ.

This court issued a stay pending the determination of the supersedeas petition, expedited the appeal, and consolidated the supersedeas petition with the appeal. Because we now resolve the issue on appeal, the petition for writ of supersedeas is dismissed as moot.

### Discussion

The Mleyneks now argue the trial court erred in denying its petition to compel arbitration. They claim the unlawful detainer action is subject to arbitration because the arbitration provision in the franchise agreement applies to the sublease as well. As explained below, we agree and reverse.

In *Mobil Oil Corp.* v. *Handley* (1978) 76 Cal.App.3d 956 [143 Cal.Rptr. 321] a petroleum distributor instituted an unlawful detainer action against its franchisee/lessee. As affirmative defenses, the franchisee sought to claim: (1) lack of good cause for termination of the franchise; (2) illegality of the franchise contract under the Franchise Investment Law; and (3) estoppel. The trial court refused to consider the Franchise Investment Law violation as an affirmative defense. In reviewing this decision, the court stated: "To the extent, however, that the validity of the franchise provisions might affect the right to possession of the premises, such validity could become an issue in unlawful detainer proceedings, in that the jurisdiction of the court is broad enough to encompass any and all issues crucial to the right of possession. [Citation.] We think it unrealistic to attempt to separate the documents; because, although we deal with two legally distinct relationships (landlord/tenant and franchisor/franchisee), obviously the landlord/tenant relationship existed only to facilitate the franchise agreement." (*Id.,* at pp. 962-963.) The court went on, however, to say the trial court may "balance the interest in preserving the summary nature of the unlawful detainer action against the public policies furthered by protecting the defendant from eviction under the alleged defenses." (*Id.,* at p. 963.)

Here, as in *Mobil,* we are faced with two legally distinct relationships and two separate documents designed to represent those relationships. Unlike the documents in *Mobil,* however, the franchise agreement and sublease before us refer to each other. Furthermore, the franchise agreement specifically requires the Mleyneks to perform all lease obligations and the subleased property must be used in "accordance with the Franchise Agreement." Finally, the franchise agreement specifies the duration of the sublease.

Because the two documents are so interrelated, we conclude they must be viewed together. Thus, the arbitration provision contained within the franchise agreement is construed to apply to the dispute over possession of the premises arising out of the sublease agreement. This result is supported by the general rule that "arbitration should be upheld unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute." (*Bos Material Handling, Inc.* v. *Crown Controls Corp.* (1982) 137 Cal.App.3d 99, 105 [186 Cal.Rptr. 740].) Because the arbitration provision *is* susceptible to an interpretation that covers the sublease dispute, the Mleyneks petition to compel arbitration of the unlawful detainer action should have been granted.

■ HQ's argument that it has the option to choose between invoking arbitration or instituting an unlawful detainer proceeding is without merit. The franchise agreement provides: "Franchisee agrees that in the event of

. . . nonperformance or breach [of the franchise agreement], Company shall have the right to secure injunctive or other equitable relief to prevent the same, and Franchisee consents to the granting of such relief, in addition, and without prejudice, to any other remedies available to Company at law." This provision does not give HQ the opportunity to choose among its remedies. Rather, HQ may assert equitable remedies in arbitration. (See *Pacific Inv. Co.* v. *Townsend* (1976) 58 Cal.App.3d 1, 10 [129 Cal.Rptr. 489].)

The judgment is reversed.

Sonenshine, J., and Crosby, J., concurred.