[Civ. No. 22357. Fourth Dist., Div. One. Dec. 16, 1980.]

SHERRY L. WEEKS et al., Plaintiffs and Respondents, v. LAWRENCE J. CROW et al., Defendants and Appellants.

COUNSEL

Higgs, Fletcher & Mack and Gregg C. Sindici for Defendants and Appellants.

Sheldon Deutsch for Plaintiffs and Respondents.

OPINION

**BROWN (Gerald), P. J.**—Defendants in a medical malpractice action petitioned the court to order arbitration (Code Civ. Proc., § 1281.2). The superior court found the arbitration agreement did not apply to plaintiffs' action for the wrongful death of their newborn baby and denied the petition. Defendants appeal.

On January 20, 1978, plaintiff Sherry L. Weeks entered Mt. Helix General Hospital for childbirth. She and her husband, plaintiff Larry D. Weeks, signed an agreement providing for arbitration of "'any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, . . .'"[1] As required by section 1295, subdivision (b) of the Code of Civil Procedure, the agreement also contains the following notice: "'By signing this contract you are agreeing to have any issue of medical malpractice decided by neutral arbitration and you are giving up your right to a jury or court trial.'" The contract defines "patient" as "the undersigned patient or dependent of patient (whether or not a minor), or the heirs-at-law or personal representative of patient. . . ." Only Mrs. Weeks is named as the patient. Mrs. Weeks gave birth to a daughter, Summer Tawny Weeks, later that same day. During delivery, the complaint alleges, the umbilical cord was improperly cut and tied off, causing the baby to develop an abdominal infection which resulted in her death on February 4, 1978.

■    Does the agreement of January 20 require the parents to accept arbitration of their claim for wrongful death which alleges malpractice in the care and treatment of the baby?

■    Section 1281.2 of the Code of Civil Procedure empowers the court to order arbitration of a controversy if it finds the parties have agreed to arbitrate that particular dispute. Because the obligation to arbitrate arises from contract, the court may compel arbitration only if the dispute in question is one which the parties have agreed to arbitrate (*Pacific Inv. Co.* v. *Townsend* (1976) 58 Cal.App.3d 1, 9 [129 Cal.Rptr.

---

[1]Section 1295, subdivision (a) of the Code of Civil Procedure requires this specific language.

489]). Because arbitration is a favored method of dispute resolution, arbitration agreements should be liberally interpreted, and arbitration should be ordered unless the agreement clearly does not apply to the dispute in question (*Pacific Inv. Co. v. Townsend, supra,* 58 Cal.App.3d 1, 9). However, "there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate . . . ." (*Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 481 [121 Cal.Rptr. 477, 535 P.2d 341].)

■ In determining whether an arbitration agreement applies to a specific dispute, the court may examine only the agreement itself and the complaint filed by the party refusing arbitration (*Leon Handbag Co. v. Local 213* (1969) 276 Cal.App.2d 240, 243 [81 Cal.Rptr. 63]). The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made (Civ. Code, §§ 1636, 1644, 1647).

■ Here an examination of the parties' agreement shows they did not agree to arbitrate claims of malpractice in the care and treatment of the baby. Even though Mrs. Weeks was entering the hospital to give birth, the agreement contains no reference at all to the expected child; only the expectant mother is named as the patient. If the parties had intended to agree to arbitration of claims of negligence in treating the child, they could easily have done so by also naming the expected child as a patient. The omission of any reference to the child expresses an intention not to apply the agreement to malpractice claims arising out of medical services rendered to the child.

In asserting arbitration is required, defendants rely in part on the agreement's definition of "patient." Since the definition includes dependents of the named patient, they argue, the agreement requires arbitration of claims of malpractice in treating dependents, even if they are not named as patients. Defendants' argument assumes the definition is intended to describe the individuals to whom treatment is to be rendered. This is not the case. Rather, the definition includes those individuals who may have a cause of action if negligent medical treatment of the named patient results in his injury or death, and the provision is intended as an enumeration of the parties to be bound by the agreement to arbitrate claims arising out of the treatment of the named patient. The definition does not extend the scope of the arbitration agreement to cov-

er disputes arising out of the treatment of persons other than the named patient.

The order is affirmed.

Work, J., and Kilgarif, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.