[No. B176522. Second Dist., Div. Five. July 8, 2005.]

HOTELS NEVADA, LLC, Plaintiff and Respondent, v.
BRIDGE BANC, LLC, Defendant and Appellant.

## COUNSEL

Jenkens & Gilchrist, Michael R. Matthias and John J. Leonard for Defendant and Appellant.

Bullivant Houser Bailey, M. Taylor Florence and Mark A. James for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.—**

### I. INTRODUCTION

Defendant, Bridge Banc, LLC, appeals from an order denying its petition to compel arbitration of a dispute with plaintiff, Hotels Nevada, LLC. Defendant filed its petition to compel arbitration after a pending arbitration was stayed pursuant to the decision of the arbitrator and plaintiff filed the present court action. The trial court denied the petition on the ground it should first determine the legality of the contract as a whole. We hold that no violation of the United States Arbitration Act (9 U.S.C. § 1 et seq.) results when an arbitrator, under an arbitration clause requiring the application of California law, allows the trial court to decide the issue of illegality. Accordingly, we affirm the order denying defendant's petition to compel arbitration.

### II. BACKGROUND

Plaintiff and defendant entered into a loan agreement. The contract was executed in May 2003. It contains an arbitration clause. The arbitration clause provides as follows: "Borrower and Lender agree that any controversy, claim or dispute arising out of or relating to this Loan Commitment or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Loan Commitment to arbitrate ('Dispute'), shall be determined by arbitration in Los Angeles, California, before a sole arbitrator, in accordance with the laws of the State of California for agreements made in or to be performed in California. 'Disputes' shall include, without limitation, those involving fees, costs, billing, claims of professional negligence, and breach of fiduciary duties. The American Arbitration Association ('AAA') shall administer the arbitration pursuant to the Commercial Rules and Supplementary Procedures for Large, Complex Disputes."

Three months after the loan agreement was executed, in August 2003, defendant filed a demand for arbitration, claiming plaintiff had breached the loan agreement. Plaintiff moved to stay the arbitration to allow a court to determine whether the contract is illegal and unenforceable. Plaintiff argued the agreement is illegal and void because defendant was not licensed in California or in Nevada as a finance lender, a bank or trust company, a real estate broker, a mortgage company, broker or agent, or any other type of financial institution. On February 5, 2004, the arbitrator granted the stay request. The arbitrator concluded that although he *could* decide the illegality issue, it would be more economical and expeditious to allow a court to decide that question in the first instance. No petition to confirm the arbitrator's decision was ever filed.

On February 13, 2004, plaintiff commenced the present action. Plaintiff's first amended complaint asserts causes of action for declaratory relief, unfair competition, contract breach, fraud, negligent misrepresentation, unjust enrichment, mutual mistake, and unlawful collection of fees. In its first cause of action, plaintiff seeks a declaration that the entire contract between the parties is illegal and void. Defendant filed a petition to compel arbitration of plaintiff's claims in the superior court. The trial court denied the petition. The trial court concluded the legality of the contract was a question for it to decide. The matter was set for a trial setting conference on the declaratory relief cause of action. Defendant appealed.

### III. DISCUSSION

The question before us is one of law—whether there has been a violation of the United States Arbitration Act when the arbitrator decides to permit the trial court to decide the issue of contractual illegality. There is no conflict in the evidence. The parties agree on what the arbitration clause says and what the arbitrator did. On appeal, we exercise independent review. (*Dream Theater, Inc. v. Dream Theater* (2004) 124 Cal.App.4th 547, 551–552 [21 Cal.Rptr.3d 322]; cf. *NORCAL Mutual Ins. Co. v. Newton* (2000) 84 Cal.App.4th 64, 71–72 [100 Cal.Rptr.2d 683]; *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1670 [53 Cal.Rptr.2d 515].)

The parties' agreement is subject to the United States Arbitration Act. Plaintiff is a Nevada limited liability corporation that operates a resort hotel in Las Vegas, Nevada. Defendant is a California limited liability corporation with its office in Los Angeles. The parties agree that the interstate lending agreement is "a contract evidencing a transaction involving commerce"

within the meaning of title 9 United States Code section 2.[1] Hence, the arbitration clause in the interstate lending agreement is subject to the limited preemptive effect of the United States Arbitration Act. (*Citizens Bank v. Alafabco, Inc.* (2003) 539 U.S. 52, 56–58 [156 L.Ed.2d 46, 123 S.Ct. 2037]; *Hedges v. Carrigan* (2004) 117 Cal.App.4th 578, 585 [11 Cal.Rptr.3d 787].)

 A basic objective of the United States Arbitration Act is to ensure that arbitration agreements, like other contracts, are enforced according to their terms and the parties' intentions. (*Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 166 [30 Cal.Rptr.3d 76, 113 P.3d 1100]; *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 384–385 [25 Cal.Rptr.3d 540, 107 P.3d 217].) However, even when the United States Arbitration Act applies, interpretation of the arbitration agreement is governed by state law principles. (*Cronus Investments, Inc. v. Concierge Services, supra,* 35 Cal.4th at p. 384.) Under California law, ordinary rules of contract interpretation apply to arbitration agreements. (*In re Tobacco Cases I* (2004) 124 Cal.App.4th 1095, 1104 [21 Cal.Rptr.3d 875].) As the Court of Appeal explained in *Tobacco Cases I*: " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.)' (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264 [10 Cal.Rptr.2d 538, 833 P.2d 545].) 'The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made [citations].' (*Weeks v. Crow* (1980) 113 Cal.App.3d 350, 353 [169 Cal.Rptr. 830].)"

We find the parties clearly and unmistakably agreed that the arbitrator would apply California law. As noted above, the arbitration clause states in part: "Borrower and Lender agree that any controversy, claim or dispute . . . shall be determined by arbitration in Los Angeles, California, before a sole arbitrator, in accordance with the laws of the State of California for agreements made in or to be performed in California." This language is a clear manifestation of an intent to have the arbitrator apply California law. (See *Birbrower, Montalbano, Condon & Frank v. Superior Court* (1998) 17 Cal.4th 119, 134 [70 Cal.Rptr.2d 304, 949 P.2d 1] [parties incorporated California choice-of-law provision in attorney fee agreement indicating they intended to apply California law in any necessary arbitration]; cf. *Warren-Guthrie v. Health Net* (2000) 84 Cal.App.4th 804, 815–816 [101

---

[1] Title 9 United States Code section 2 states: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Cal.Rptr.2d 260] [parties agreed California contractual arbitration law would apply to manner in which arbitration conducted].)

█ Under California law, the question whether the contract as a whole is illegal is one for the court to decide. In *Loving & Evans v. Blick* (1949) 33 Cal.2d 603, 609–610 [204 P.2d 23] (plur. opn. of Spence, J.), four justices, including the concurring justice, agreed that a trial court must, as occurred here, refuse to order arbitration when the arbitration clause is contained in an unlawful contract, that is, when the entire agreement is illegal. In *Loving & Evans*, Associate Justice Homer R. Spence, addressed the question of whether a trial court could enforce an arbitration award based on an illegal contract, which was unlawful in its entirety. There are two pertinent aspects of Associate Justice Spence's analysis. To begin with, Associate Justice Spence concluded that a trial court must refuse to enforce an arbitration award when the contract containing the arbitration clause is unlawful in its entirety. In a portion of the opinion agreed to by four members of the court, Associate Justice Spence wrote: "It must be conceded at the outset that ordinarily with respect to arbitration proceedings 'the merits of the controversy between the parties are not subject to judicial review,' [citation] and that 'arbitrators are not bound by strict adherence to legal procedure and to the rules on the admission of evidence expected in judicial trials.' [Citation]. But, as will hereinafter appear, the rules which give finality to the arbitrator's determination of ordinary questions of fact or of law are inapplicable where the issue of illegality of the entire transaction is raised in a proceeding for the enforcement of the arbitrator's award. When so raised, the issue is one for judicial determination upon the evidence presented to the trial court, and any preliminary determination of legality by the arbitrator, whether in the nature of a determination of a pure question of law or a mixed question of fact and law, should not be held to be binding upon the trial court." (*Loving & Evans v. Blick, supra*, 33 Cal.2d at p. 609.)

The second aspect of Associate Justice Spence's analysis applies more directly to this case. While discussing the enforceability of an illegal contract as it relates to the trial judge's duty to compel arbitration, Associate Justice Spence explained: "The question of the validity of the basic contract being essentially a judicial question, it remains such whether it is presented in a proceeding 'for an order directing . . . arbitration' under section 1282 of the Code of Civil Procedure or in a proceeding 'for an order confirming' or 'vacating an award' under sections 1287 and 1288 of said code. If it is presented in a proceeding under said section 1282 and it appears to the court from the uncontradicted evidence that the contract is illegal, the court should deny the petition 'for an order directing the parties to proceed to arbitration.' . . . [¶] Section 1281 of the Code of Civil Procedure, providing for submission to arbitration of 'any controversy . . . which arises out of a contract,' does not contemplate that the parties may provide for the arbitration

of controversies arising out of contracts which are expressly declared by law to be illegal and against the public policy of the state." (*Loving & Evans v. Blick, supra,* 33 Cal.2d at p. 610; accord, *Black v. Cutter Laboratories* (1955) 43 Cal.2d 788, 799 [278 P.2d 905]; *Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 891 [64 Cal.Rptr.2d 484].) Thus, the three-justice plurality and the concurring justice concluded that if a contract is unlawful in its entirety, a trial court must not enforce an arbitration clause contained within the otherwise illegal agreement. The holding in *Loving & Evans* refusing to enforce the arbitration clause in an illegal contract constitutes the judgment of four justices. Associate Justice Douglas L. Edmonds concurred in the judgment except for the plurality's discussion of a prior decision—*Gatti v. Highland Park Builders, Inc.* (1946) 27 Cal.2d 687, 689–690 [166 P.2d 265]. (*Loving & Evans v. Blick, supra,* 33 Cal.2d at p. 615 (conc. opn. of Edmonds, J.) *Gatti* involved a contractor licensing issue—it had nothing to do with arbitration principles. (See *Gatti v. Highland Park Builders, Inc., supra,* 27 Cal.2d at pp. 689–690.)

 In the present case, the arbitrator was charged with the obligation to enforce California law. California law obligates the trial court to decide illegality issues when the entire contract is illegal. The arbitrator decided to allow the trial court to decide the issue of illegality. When an arbitrator, who must decide the dispute in accordance with this state's law, permits the court to do exactly what California law requires, resolve the issue of illegality, no violation of the United States Arbitration Act has occurred. The arbitration clause has been enforced according to its terms and consistent with the parties' intentions—an arbitrator has decided to allow the trial court to decide what California law mandates, the issue of illegality.

 Five additional points warrant brief emphasis. First, the *Loving & Evans* holding only applies when the entire contract or transaction is illegal. If only a part of the contract is illegal, then the arbitrator decides the illegality issue. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 32 [10 Cal.Rptr.2d 183, 832 P.2d 899]; *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 316, fn. 2 [197 Cal.Rptr. 581, 673 P.2d 251]; *Lindenstadt v. Staff Builders, Inc., supra,* 55 Cal.App.4th at p. 891; *All Points Traders, Inc. v. Barrington Associates* (1989) 211 Cal.App.3d 723, 736–737 [259 Cal.Rptr. 780]; *California State Council of Carpenters v. Superior Court* (1970) 11 Cal.App.3d 144, 157 [89 Cal.Rptr. 625].) Second, defendant argues that like a fraud in the inception claim, the arbitrator must determine an illegality defense. As defendant correctly notes, an arbitrator decides fraud in the inception claims. However, the Supreme Court has distinguished between fraud in the inception and illegality defenses to a contract. In *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street, supra,* 35 Cal.3d at page 317, footnote 2, the Supreme Court explained: "Claims of fraud in the inducement of the contract which are

intertwined with performance of the agreement present a wholly different issue than that considered in *Loving and Bianco* [*v. Superior Court* (1968) 265 Cal.App.2d 126, 127–130 [71 Cal.Rptr. 322]]. Questions of public policy which are implicated by an illegal agreement, and which might be ill-suited for arbitral determination, are not presented when garden-variety 'fraud in the inducement,' related to performance failure, is claimed. The latter is ideally suited for the arbitrator's expert determination." (See *Saint Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1198–1199 [8 Cal.Rptr.3d 517, 82 P.3d 727].) Third, we do not here decide the scope of the limited preemptive effect of the United States Arbitration Act if the arbitration clause makes no reference to California law. Fourth, in a similar vein, we do not address the effect of the last clause of title 9 United States Code section 2—"save upon such grounds as exist at law or in equity for the revocation of any contract" on a case involving contractual illegality.

 Fifth, we are not confronted with a situation where the issue of who decides the illegality issue is never submitted to an arbitrator. None of the California decisions identified in this opinion involve a discussion of the limited preemptive effect of the United States Arbitration Act in a scenario where the trial court decided the illegality issue without the question ever being passed on by an arbitrator. Here the arbitrator decided to permit the trial court to apply California law. The arbitrator's decision to allow the trial court to decide the illegality issue is not subject, under these circumstances, to review for error on the merits. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 778–779 [94 Cal.Rptr.2d 597, 996 P.2d 699]; *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372 [36 Cal.Rptr.2d 581, 885 P.2d 994].) The limited grounds for challenging an arbitration award, even one subject to the limited preemptive effect of the United States Arbitration Act, are those set forth in Code of Civil Procedure section 1286.2[2] for vacating an award.

---

[2] Code of Civil Procedure section 1286.2 states: "(a) Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following: [¶] (1) The award was procured by corruption, fraud or other undue means. [¶] (2) There was corruption in any of the arbitrators. [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. [¶] (6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision. However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives. [¶] (b) Petitions to vacate an arbitration award pursuant to Section 1285 are subject to the provisions of Section 128.7."

(*Siegel v. Prudential Ins. Co. of America* (1998) 67 Cal.App.4th 1270, 1272 & 1291, fn. 7 [79 Cal.Rptr.2d 726]; see *Muao v. Grosvenor Properties* (2002) 99 Cal.App.4th 1085, 1091 [122 Cal.Rptr.2d 131].) Defendant has not argued that there are any grounds set forth in section 1286.2 for setting aside the arbitrator's decision. We merely hold that no violation of the United States Arbitration Act occurs when the arbitrator applies California law, which he was required to do here, and permits the court to decide the illegality issue.

## IV. DISPOSITION

The order denying the petition to compel arbitration is affirmed. Plaintiff, Hotels Nevada, LLC, is to recover its costs on appeal from defendant, Bridge Banc, LLC.

Armstrong, J., and Kriegler, J., concurred.

On August 1, 2005, the opinion was modified to read as printed above.