Filed 12/15/21  Foreman v. Akhromtsev CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| RONALD FOREMAN,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANN AKHROMTSEV, et al.,<br><br>        Defendants and Appellants. | A161960<br><br>(City and County of San Francisco Super. Ct. No. CGC-20586976) |

Ann Akhromtsev, Daniel Akhromtsev, and DANMA Consulting appeal from an order denying their petition to compel arbitration of their former attorney's claim for collection of unpaid attorney fees.  The trial court ruled that the arbitration provision unambiguously excluded such actions from its scope.  Appellants contend the court erred because the arbitration provision was ambiguous and the exclusion was unethical and unconscionable.  We will affirm the order.

## I.  FACTS AND PROCEDURAL HISTORY

Attorney Ronald D. Foreman, doing business as Foreman & Brasso (Foreman), represented appellants in an action entitled *Victoria Golunova, et al. v. Ann Akhromtsev, et al.*, San Francisco Superior Court Case No. CGC-19-577637 (*Golunova*), pursuant to a written retainer agreement executed on July 29, 2019.

1

The retainer agreement contained the following arbitration provision: "Any dispute arising out of our retention (including, without limitation, claims of professional negligence) shall be subject to binding arbitration to be held in San Francisco, California before a retired judge under the auspices of ADR Services Inc. The judgment on the arbitrator's award shall be final and may be entered in any court of competent jurisdiction. In the event of any dispute connected with the representation of the client by the FOREMAN & BRASSO, the prevailing party shall be entitled to attorney's fees and costs. The parties to this agreement agree to submit any dispute, including claims for professional negligence, to binding arbitration to be held in San Francisco under the auspices of ADR Services, Inc. and waive any rights they otherwise might have to elect a different way to resolve any dispute that may arise during the attorney-client relationship. *This dispute resolution provision specifically excludes the collection of attorney's fees which may be litigated in a lawsuit and are specifically excluded from any arbitration provision,* except as may be mandated by the Business & Professions Code, regulating attorney services." (Italics added.)

Foreman represented appellants until he successfully moved to be relieved as counsel on August 27, 2020. According to Foreman, appellants failed to make payments for legal services rendered from January 2020 through August 27, 2020, failed to pay costs incurred, failed to make a "trial deposit," and "unilaterally tried to change the terms of the Attorney-Client Retainer Agreement."

On September 1, 2020, Foreman served appellants with a Notice of Client's Right to Fee Arbitration pursuant to Business and Professions Code sections 6200–6206. Appellants did not seek arbitration in response to the notice.

In October 2020, Foreman filed a complaint against appellants in San Francisco Superior Court, seeking recovery for unpaid attorney's fees and costs incurred in *Golunova*, under theories of breach of the retainer agreement and quantum meruit.

In November 2020, appellants filed a motion to compel arbitration and stay the court proceedings, pursuant to Code of Civil Procedure section 1281.2 and the dispute resolution provision in the retainer agreement. Appellants urged the court to ignore the part of the arbitration provision that excluded attorney fee collection actions, arguing that the provision was ambiguous and should be construed against Foreman as the drafter. Specifically, appellants argued that the provision was ambiguous because, while the provision required arbitration of client claims for breach of the retention agreement or professional negligence, it purported to exclude from arbitration an action for collection of attorney's fees even if the client's defense to that action was based on a breach of the retention agreement or professional negligence.

Accompanying the motion was a declaration of David H. Schwartz, appellants' successor attorney, which attached appellants' proposed ("draft") answer to the complaint. The draft answer contained an eleventh affirmative defense of setoff alleging Foreman was professionally negligent in various ways, and a twelfth affirmative defense alleging that his conduct breached the retainer agreement.

Appellants also submitted a declaration from Daniel Akhromtsev, who averred that the arbitration provision was not the subject of negotiation and Foreman never informed him that it was negotiable. He expressed an intention to assert affirmative defenses to the collection lawsuit based on legal malpractice, breach of fiduciary duty, and breach of the retainer

3

agreement, and also to assert such claims "by way of cross-complaint in this action or a counterclaim in arbitration." He did not assert that he had any particular understanding of the arbitration provision at the time he entered into the retention agreement.

Foreman filed an opposition to the motion to compel arbitration. Appellants filed a reply memorandum.

After a hearing on December 29, 2020, the court adopted its tentative ruling and issued a written order denying the motion. The court found that the arbitration provision unambiguously excluded claims for collection of attorney fees, Foreman's claims for breach of the written retainer agreement and for quantum meruit fell "squarely within" that exclusion, and "[w]hether [appellants] intend to raise defenses or file cross-claims is of no moment." The court concluded: "There is no ambiguity; the dispute is not arbitrable."

## II. DISCUSSION

Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refused to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy *if it determines that an agreement to arbitrate the controversy exists*," except in enumerated situations not relevant here. (Italics added.)[1] " 'Although "[t]he law favors contracts for arbitration of disputes between parties," " 'there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate.' " ' " (*Goldman v. SunBridge Healthcare, LLC* (2013) 220 Cal.App.4th 1160, 1169.) "In the absence of a clear agreement to submit a dispute to arbitration, we

---

[1] Except where otherwise indicated, all statutory references are to the Code of Civil Procedure.

4

will not infer a waiver of a party's jury trial rights." (*Remedial Construction Services, LP v. Aecom, Inc.* (2021) 65 Cal.App.5th 658, 661 (*Remedial*).)

The essential question is whether appellants have demonstrated that Foreman's claims to collect unpaid attorney's fees fall within the scope of the parties' agreement to arbitrate. In answering that question, general principles of contract interpretation apply. (*Hotels Nevada, LLC v. Bridge Banc, LLC* (2005) 130 Cal.App.4th 1431,1435.) We therefore "give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made (Civ. Code, §§ 1636, 1644, 1647)." (*Weeks v. Crow* (1980) 113 Cal.App.3d 350, 353 (*Weeks*).) When the language is clear and explicit, the analysis ends, because there is no ambiguity to resolve. (Civ. Code, § 1638.) Where, as in this case, the parties do not present conflicting evidence as to the intended meaning, we review the court's ruling de novo. (*Remedial, supra,* 65 Cal.App.5th at p. 662.)

Here, as mentioned, the dispute resolution provision required the parties to arbitrate "[a]ny dispute arising out of [the] retention," except that: "This dispute resolution provision *specifically excludes the collection of attorney's fees which may be litigated in a lawsuit and are specifically excluded from any arbitration provision,* except as may be mandated by the Business & Professions Code, regulating attorney services." (Italics added.)

This provision is clear and unambiguous: the arbitration requirement does not apply to "the collection of attorney's fees." Because it is undisputed that Foreman's complaint is for the collection of attorney's fees, the case is outside the scope of the arbitration requirement and the court properly denied the motion to compel.

Appellants insist the arbitration provision is ambiguous and the exclusion for collection of attorney fees is unethical and unconscionable. Their arguments have no merit.

A. <u>Appellants' Ambiguity Argument</u>

Appellants contend the arbitration provision is ambiguous because it does not define "what happens" when a client intends to defend against the collection action with arguments that the attorney breached the contract and provided professionally negligent services. After all, they assert, a client's affirmative claims for breach of contract or professional negligence would usually fall within the scope of arbitrable claims. Appellants urge that ambiguities in a contract are interpreted against the drafter, particularly when the contract is drafted by the attorney (*Mayhew v. Benninghoff* (1997) 53 Cal.App.4th 1365, 1370), so we should conclude that a collection action must be arbitrated despite the express language of the parties' agreement.

For purposes of this appeal, we indulge appellants' representation that they intend to resist Foreman's collection claim with allegations of contract breach and professional negligence, as reflected in their draft affirmative defenses and Daniel Akhromtsev's declaration. Notwithstanding, the arbitration provision is still clear and unambiguous. The provision unequivocally calls for collection actions to be presented in court, and common sense dictates that any defenses the client may have to that collection action could be asserted in that same court proceeding. No reasonable person would think that the collection action would move forward in court, while defenses to that action would have to be addressed in a separate arbitration. Because there is only one reasonable interpretation of the provision, the provision is not ambiguous, and there is nothing to

construe against the drafter.  Foreman's lawsuit, and appellants' defenses thereto, must proceed in a judicial forum.

Appellants argue that the trial court erred by failing to consider their intended defenses, contending the court should not have relied on the following language in *Rice v. Downs* (2016) 248 Cal.App.4th 175 (*Rice*):  "In determining whether an arbitration agreement applies to a specific dispute, the court may examine only the agreement itself and the complaint filed by the party refusing arbitration." (*Id.* at p. 185, quoting *Weeks, supra,* 113 Cal.App.3d at p. 353.)  Appellants spend many pages urging that the language in *Rice* and *Weeks* is dicta and a "corruption" of language found in the predecessor cases of *Butchers' Union Local 229 v. Cudahy Packing Co.* (1967) 66 Cal.2d 925, 931 and *United Steelworkers of America v. American Mfg. Co.* (1960) 363 U.S. 564, 568.  We note, however, that *Rice* and *Weeks* remain good law.  Moreover, appellants' argument is immaterial, because we review the trial court's decision de novo and reach our conclusion in this case without having to rely on *Rice* or *Weeks*.

Appellants also contend that, "if raising professional negligence as a defense is excluded [from arbitration], but a compulsory cross-complaint for affirmative relief must be arbitrated, then the issue of professional negligence will be subject to conflicting results."  However, appellants have not submitted a proposed cross-complaint, much less filed one.  And even if they did file one, the potential for conflicting results could be addressed under section 1281.2, which applies where one party's affirmative claim is arbitrable and another affirmative claim is not:  in that instance, the court may delay its order to arbitrate until the determination of the issues before

7

the court; here, that would mean Foreman's collection action and appellants' defenses would proceed in litigation.[2]

### B. Appellants' Argument That the Provision is Unethical

As appellants acknowledge, Foreman could ethically demand that *all* disputes arising out of the retention agreement be arbitrated rather than litigated. "An attorney may ethically, and without conflict of interest, include in an initial retainer agreement with a client a provision requiring the arbitration of both fee disputes and legal malpractice claims." (*Powers v. Dickson, Carlson & Campillo* (1997) 54 Cal.App.4th 1102, 1108–1109.)

Appellants argue, however, that Foreman's exclusion of just the "collection of attorney's fees" from arbitration is unethical because it is self-serving, does not comport with a client's reasonable understanding, and takes unfair advantage of the lawyer's superior position. They contend the most likely claim by an attorney is for collection of attorney fees, which would be litigated, while the most likely claims by the client—for breach of contract or professional negligence—would be arbitrated.

Appellants' argument is unavailing. Given that it is ethical for an attorney to insist on arbitration for fee disputes *and* legal malpractice claims, appellants fail to demonstrate that it would be unethical to require court proceedings for a subset of those claims, thereby *reducing* the extent to which the client's right to jury trial is abridged.

Nor do we find persuasive appellants' claims of prejudice. Appellants contend there is a risk of conflicting outcomes if the client's claims are relegated to an arbitral forum while the attorney's collection actions proceed in court. As explained *ante*, however, that is not what would happen: the

---

[2] We do not suggest how the trial court should rule if the issue under section 1281.2 is presented to it.

client's defenses would be litigated with the collection action, and the client's affirmative claims would be handled under section 1281.2, if necessary and appropriate, to avoid conflicting results.

Appellants next contend the arbitration provision prejudices the client because the attorney could take advantage of the rights to discovery, jury trial, and appeal, while the client would not. Appellants are incorrect. As to disputes falling within the scope of the arbitration provision, both the attorney and the client would have the rights afforded by the arbitral forum. As to disputes not falling within the scope of the arbitration provision—such as the attorney's fees collection action here—both the attorney and the client would have the rights afforded in litigation. Appellants fail to demonstrate that they are prejudiced by having rights to discovery, jury trial, and appeal in their defense against Foreman's lawsuit.

Appellants further argue that Foreman's decision to file the collection action during the pendency of the underlying *Golunova* case prejudiced them, because their assertion of a defense will result in their waiving the attorney-client privilege and exposing attorney-client communications to discovery by their adversaries in the underlying litigation. Not so. Evidence Code section 958 precludes a client from invoking the attorney-client privilege to prevent *the attorney* from introducing evidence relevant to an alleged breach of duty arising from their professional relationship. (E.g., *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 563–564; *Glade v. Superior Court* (1978) 76 Cal.App.3d 738, 746–747.) Appellants provide no authority that the statute would also preclude the client from invoking the privilege against a *third party* in separate litigation. To the extent attorney-client communications are disclosed in this litigation, they may be made subject to a protective order

9

precluding disclosure to others.  Furthermore, even if appellants' assertion of a defense did waive the attorney-client privilege, it would do so whether the defense is mounted in litigation or in arbitration.

Finally, we note that appellants already passed up their chance to arbitrate the collection action.  Before filing his lawsuit, Foreman served them with a Notice of Client's Right to Fee Arbitration pursuant to Business and Professions Code sections 6200–6206, which give clients the right to require arbitration of fee disputes.  Appellants did not avail themselves of the opportunity.  Although arbitration under the Business and Professions Code sections may not be binding (Bus. & Prof. Code, § 6203, subd. (b)), it cannot be said that the retention agreement, which explicitly recognized the right to arbitration under the Business and Professions Code, deprived appellants of the opportunity to avoid litigation.

C.  <u>Appellants' Argument That the Provision is Unconscionable</u>

Unconscionability has procedural and substantive elements, both of which must be established.  " ' "The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power.  [Citations.]  Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." ' " (*Ali v. Daylight Transport, LLC* (2020) 59 Cal.App.5th 462, 471.)  " ' "The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to" conclude that the term is unenforceable[;] . . . the more deceptive or coercive [the term,] the less substantive unfairness is required.' " (*Id*. at p. 472.)

Here, for the reasons we concluded *ante* that the arbitration provision is not unreasonable or unethical, we conclude there is no substantive unconscionability. Therefore, the unconscionability argument fails.

Appellants' citation to *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*) is misplaced. There, an employer sought to compel arbitration of its former employees' claims for wrongful termination under FEHA and other causes of action. Our Supreme Court ruled that the arbitration agreement was adhesive and was substantively unconscionable because it required employees to arbitrate their wrongful termination claims against the employer but did not require the employer to arbitrate claims it may have against the employees. (*Id.* at pp. 114–120.) *Armendariz* is distinguishable for many reasons.

First, *Armendariz* addressed a contract of adhesion, which appellants acknowledge is not the case here (although they do emphasize that it was not negotiated). Second, *Armendariz* addressed an arbitration provision in an employer-employee contract imposed as a condition of employment, which is not the case here. Third, in *Armendariz*, the one-sidedness of the arbitration agreement was compounded by the fact that it did not permit the full recovery of damages for employees, while the record in this case does not show any such aggravating factor. Fourth, unlike the arbitration agreement in *Armendariz*, the provision in this case does not preclude all arbitration for clients on fee dispute issues—to the contrary, it *requires* the attorney to arbitrate a fee dispute at the client's request as set forth in Business and Professions Code sections 6200 et seq. Finally, in *Armendariz* it was held that the party with superior bargaining power could not compel arbitration; here, by contrast, Foreman is not attempting to compel arbitration or vitiate appellants' right to litigate.

11

Appellants fail to establish error.

### III.  DISPOSITION

The order is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*Foreman v. Akhromtsev /* A161960